## AMANDA M. BALL *vs.* DAVID H. BULLARD.

Since the acts of the legislature of 1860, chapter 90, and of 1862, chapter 172, a married woman may bring an action, in her own name, against a wrong-doer, for a wrong committed upon her person, without joining her husband with her as a party.

To the damages which are recoverable for a personal injury to the wife, committed previous to the statute of 1860, the husband has no vested or other interest or right, legal or natural. Hence there is no ground for making him a party to an action therefor.

As to the right to bring such an action, the statute of 1860 makes a married woman a *feme sole*. By suing as a *feme sole*, she accepts its provisions, and takes it subject to its letter, its spirit and intent, limitations and liabilities.

And treating her as a *feme sole*, with the disability to one, by reason of marriage, removed, the statute of imitations applies to the case, and if the action is not brought within one year, nor within six years after the removal of her disability to sue, by the act of 1860, it will be barred.

THIS action was tried in Washington county, in September, 1867. After a jury was sworn, the plaintiff, by her counsel, opened the case to the jury, and, for the purpose of enabling the defendant to raise questions of law involved in the case, admitted that the action was brought by the plaintiff to recover damages for an injury done to her in December, 1857, while she was a married woman; that the plaintiff is now a married woman, and that her husband, Royal G. Ball, was married to her before 1857, and is still alive and living with her; that the action was commenced on the 9th day of March, 1867. The defendant then moved for a nonsuit, on the grounds:

1st. That there is a defect of parties plaintiff; the plaintiff being a married woman, and having been so at the time of the acts complained of, her husband should have been joined as plaintiff herein.

2d. The plaintiff, being a married woman, cannot maintain this action alone, or in her own name, without joining her husband.

3d. The action is barred by the statute of limitations, the suit not having been brought until more than six years after the cause of action accrued.

4th. That the action is barred because the suit was not brought within six years after the statute of 1860 was passed, allowing the wife to sue alone.

5th. That the action is barred because the suit was not brought within five years after said statute was passed.

6th. That the action is not brought within one year from the time the disability ceased, nor within seven years after it accrued.

The court granted a nonsuit, and the plaintiff excepted thereto. And thereupon the court directed the said exceptions to be heard, in the first instance, at the general term, and the entry of judgment in the meantime to be suspended.

The case comes to this court upon the order of the court that the said exceptions be heard, in the first instance, at general term.

*Daniel E. Parks*, for the plaintiff.

*E. F. Bullard*, for the defendant.

*By the Court*, POTTER, J. The first two exceptions, in effect, raise the same question of law, to wit, may a married woman bring an action, in her own name, against a wrongdoer for a wrong committed upon her person, without joining her husband with her as a party? I am clearly of the opinion that since the acts of the legislature of this state, of 1860, chapter 90, and of 1862, chapter 172, she may bring such an action in her own name. Indeed, such is the express language of these statutes, to wit: " Any married woman may bring and maintain an action in her own name, for damages, against any person,   *   * for any injury to her person,   *   *  the same as if she were sole, and the money received on the settlement of any such action, or recovered upon a judgment, shall be

Ball *v.* Bullard.

her sole and separate property." He has, therefore, no interest in the matter that requires he should be brought in as a party. Upon this point there arises no question of construction of a statute. There is nothing to be construed; it construes itself by its own unmistakable language. It is insisted, however, that as the injury complained of accrued in December, 1857, the act of March, 1860, does not apply to this case. That, then, raises this question, had the husband of the plaintiff any vested or other interest or right, legal or natural, to the damages which were recoverable for an injury done to the person of his wife prior to the act of 1860 ?

Before this radical change in the provisions of the statute, by the theory of the old common law, from time whereof the memory of man runneth not to the contrary, husband and wife are but one person; that is, the very being or legal existence of the woman is suspended, or, at least, incorporated and consolidated into that of the husband, during the marriage. For this reason it was that this union of persons, or, rather, of merging the separate legal existence of the wife into that of the husband, made it necessary that the name of the husband should be used in all actions in which the rights of the wife were brought into question in the courts. Nor this, only, by virtue of the marriage alone ; all her goods and personal chattels, (and chattels real,) became absolutely those of the husband. But the husband had no interest in, or title to, damages occasioned by an injury done to the person of his wife, though it is also true that money collected on a judgment for such an injury, became the property of the husband, by the common law, as it existed before the acts of 1848, 1849, 1860 and 1862. If the wife died, "*pendente lite,*" the action abated; the cause of action did not survive to the husband; nor could he have recovered if he had brought an action in his own name alone, for there is no

independent cause of action in him. Should the husband die before action brought, or die *pendente lite,* the action did survive to the wife. The injury to the person of the wife is, therefore, the meritorious cause of action. It was so before the passing of those statutes. She had, she has still, the natural right to the damages ; he has none.

There was, therefore, no ground for making the husband a party to the action, except that of the old, and now abrogated and exploded idea of the common law, of the merging the separate existence of the wife into that of the husband, and of that theoretic unity of two persons in one, which made it necessary that in all actions affecting the interests of the wife, the husband must be joined with her as a party. The statutes above referred to, having wrought the sensible reforms so befitting to the spirit of justice; to the advancing wants of the age; to the progressive intelligence and improved circumstances of a free people; must have given to them all sensible and practical force and effect. In their plain letter and obvious spirit, they agree; they need no interpretation ; the wayfaring man cannot err who reads them. It was clearly unnecessary to unite the husband in the action ; and the right of action to the husband is not impaired by the statutes of 1860 and 1862 ; nor is the cause of action to the wife affected thereby.

The only remaining objection raised to the recovery, by the plaintiff, is the statute of limitations set up in the second answer of the defendant, to wit, that the cause of action, stated in the said complaint, did not accrue within six years before the commencement of this action. The cause of action accrued in December, 1857. The action was commenced 9th March, 1867, about nine years and three months afterwards. The plaintiff, at the time of the injury complained of, was, and still is, a married woman. By the 91st section of the Code, subdivision 5, injuries to

Ball *v.* Bullard.

the person of another are required to be brought within six years. The 101st section of the Code excepts a class of persons from the necessity of bringing their actions while under disability, and as not coming within the provisions of the statute of limitations. Among these are married women; to which is added the following qualification: " The time of such disability is not a part of the time limited for the commencement of the action, except that the period within which the action shall be brought, cannot be extended more than five years by any such disability, except infancy; nor can it be extended, in any case, longer than one year after the disability ceases."

This provision existed before the passage of the statutes of 1860 and 1862. It is easy enough to give construction to this provision of the statute, as applicable to this case, but for the statutes last mentioned. It was, that even the disability of marriage should not extend the time within which to bring the action more than five years beyond the six years mentioned in section 91. In other words, if the disability of marriage continued, the action must be brought within eleven years; and if the disability ceased during the eleven years, the action must be brought within one year after it so ceased.

Inasmuch as the action *could be brought* within the six years, if brought in conjunction with the husband, even though the disability of marriage existed, this was certainly no very unreasonable limitation. If, then, the statutes of 1860 and 1862 create no cessation of this disability, the action is still brought within the eleven years allowed by section 101.

What, then, was this previous *disability ?* Not that she could not bring the action, in conjunction with her husband, to recover the damages; that she could do; but that, by reason of her being married, she could not bring an action in her own name, to recover and hold the

damages that naturally and legitimately belonged to her, and which she' could hold in her own right when recovered. This disability was fully and clearly removed by the statutes of 1860 and 1862. Those statutes gave her all the advantages in this respect, as if she was a *feme sole*, or as if her husband had died, and she had survived. It would be a senseless, as well as an unjust, law which would give a married woman, who was under no disability, eleven years in which to bring her action, when to all other persons there is allowed only six. If this is the letter of the law, that *marriage* alone is the disability, it is not its spirit, which is far more controlling. (*Bac. Abr. Stat.* 1, §§ 5, 10. *The People* v. *The Utica Ins. Co.*, 15 *John.* 380, 381. 11 *Coke;* 73, *b.* *Straddling* v. *Morgan, Plowd.* 205. 11 *Mod. Rep.* 161. 31 *N. Y. Rep.* 290.) It was the *disability*, by reason of marriage, and not marriage itself, that was the reason for the exception; and it was the disability, not the marriage, that was removed. As the law previously stood, marriage created this impediment, that the wife could not bring the action alone. She had no security that the damages would become hers when recovered. The statutes referred to wisely changed all this. In their effect, marriage was no longer a disability to the wife. The reason of the law ceasing, the law itself ceases also. (*Co. Litt.* 70, *b.* 2 *Black. Com.* 390, 391. *Broom's Maxims*, 68.) As to the right to bring this action, the law of 1860 made her a *feme sole.* She accepted its provisions by suing as a *feme sole.* If she accepts it as such, and acts as such to obtain its benefits, I think it is but the commonest justice that she should take it subject to its letter, its spirit and intents, limitations and liabilities. Treating her as a *feme sole*, with the disability removed, I think the statute of limitations applies to the case, and presents a defense to the action. She did not bring her action within one year, nor within six years

after it was removed. If we are right in this view, the nonsuit was correctly ordered by the learned judge; and the defendant is entitled to enter judgment upon the order.

[WARREN GENERAL TERM, July 14, 1868. *James, Rosekrans, Potter* and *Bockes*, Justices.]