NANCY VAN ARNAM *vs.* ALEXANDER AYERS.

An action cannot be maintained by a married woman against a defendant for having, by his wrongful acts, advice and persuasion, induced her husband to abandon and become separate from her, whereby she is deprived of his society, support, maintenance and help.

At common law, a wife could not maintain such an action. And where the facts set forth in the complaint do not bring the case within either of the classes enumerated in § 114 of the Code, and § 7 of the act of 1862, (chap. 172,) the provisions of those statutes cannot be held to give her any right to maintain an action for the matters alleged in such complaint.

The common law rule still remains in force, except as it has been changed by § 114 of the Code and the act of 1862; and if the wife is interested in a cause of action not provided for by those acts, she must join her husband as a party.

DEMURRER to the complaint, assigning the following causes of demurrer; (1.) That the plaintiff has not legal capacity to sue; (2.) That there is a defect of parties plaintiff; (3.) That the complaint does not state facts sufficient to constitute a cause of action.

The complaint states: 1. That the plaintiff is the wife of James Van Arnam. 2. That on the 15th of June, 1874, the defendant, contriving and intending to injure the plaintiff, and to deprive her of the society, help and maintenance of her said husband, and to facilitate and to cause to be continued a meretricious intercourse and cohabition which the said defendant well knew was existing between the said husband and one Alethea Wood, did with his hand and with instruments, perform two several operations upon the said Alethea for the purpose, by said operations, of procuring an abortion upon the said Alethea Wood, and by such means did procure such abortion. That the said abortion was produced by the defendant with full knowledge that the pregnancy of said Alethea was the result of an unlawful and meretricious intercourse between the said Alethea and the husband of the plaintiff; and the defendant then and there procured such abortion with the intent to facilitate an after intercourse between the said Alethea and

the husband of the plaintiff, and with the intent to injure the plaintiff, by estranging her said husband from the plaintiff and depriving the plaintiff of her husband's society, support and help.    That the result of such operation was as contrived and intended by said defendant; and that the intercourse and cohabitation hereinafter mentioned was kept up and continued between the husband of the plaintiff and the said Alethea.    And that the husband of the plaintiff was, by the said wrongful acts and *by the persuasion* of the defendant, become and was entirely separated from the plaintiff, who from that time has been, and now is, deprived of the society, support, maintenance and help of her said husband. That by reason of the wrongful acts of the defendant, the plaintiff has been damaged to the amount of five thousand dollars.

*H. C. Hall*, for the plaintiff.

*Mills & Palmer*, for the defendant.

HARDIN, J.   This case is novel.   The learned counsel have cited no authority which reveals such a state of facts; and I have not been able to find a case like it in the books.

If the action was by the husband, against the defendant, for having persuaded, advised and induced the wife to leave and abandon her husband, there would be found cases to support it.   (*Addison on Torts, vol.* 1, *p.* 9, *and cases cited.   Winsmore* v. *Greenbank, Willes' Rep.,* 577, *decided in* 1745.   *Hutcheson* v. *Peck,* 5 *John.,* 196.   *Barnes* v. *Allen,* 1 *Keyes,* 390, 394.   *Hermance* v. *James,* 32 *How.,* 143 ; *S. C.,* 47 *Barb.,* 124.   *Bennett* v. *Smith,* 21 *Barb.,* 439.)

The husband, at common law, was entitled to the services of the wife, to the comfort of her society, and any wrongful interference gave him a right of action.   He

might have an action for *criminal conversation*, for abduction, for enticing or harboring her. She was not supposed capable of consent, in either of those cases; and the husband's right of recovery rested, very much, upon the same ground of the master's right to recover for wrongs done to his servant.

But such was not the rule in respect to the wife. She had no such cause of action. Nor did the child have any similar right of action for a like wrong done to a parent or master. Sir *Wm. Blackstone* states the rule thus: "We may observe that in these relative injuries notice is *only taken* of the wrong done to the *superior* of the parties related by the breach and dissolution of either the relation itself, or at least the advantage arising therefrom; while the loss of the *inferior* by such injuries is *totally unregarded*. One reason for which may be thus; that the inferior hath *no kind of property* in the company, care or assistance of the superior, as the superior is held to have in those of the inferior; and therefore the inferior can suffer no loss or injury. The wife cannot recover damages for beating her husband, for she hath no separate interest in anything, during her coverture. The child hath no property in his father or guardian, as they have in him for the sake of giving him education and nurture." (2 *Black. Com., Chit. ed., p.* 115; *marg. p.* 142, 143.)

In *Ball* v. *Bullard*, (52 *Barb.*, 143,) POTTER, J., says: "By the theory of the common law from time whereof the memory of man runneth not to the contrary, husband and wife are one person; that is, the very being or legal existence of the woman is suspended, or at least incorporated and consolidated into that of the husband, during the marriage. For this reason it was that this union of persons, or rather of merging the separate legal existence of the wife into that of the husband, *made* it necessary that the name of the husband should be used

in all actions in which the rights of the wife were brought into question in the courts."

The plaintiff does not, by the facts stated in the complaint, appear (1,) to have had any property in the services or society of her husband ; (2,) to have suffered any injury to her person ; or (3,) to her character, and therefore she does not state a cause of action.

I am aware that our statutes in relation to married women, of 1848, 1849 and 1862, and section 114 of the Code, have conferred upon married women the right to maintain actions, separate and alone, in cases where the wife could not, at common law, maintain actions. The Code (§ 14) provides : "When a married woman is a party, her husband must be joined with her, *except* that 1. When the action concerns her separate property, she may sue alone. 2. When the action is between herself and her husband, she may sue or be sued alone."

Under this section of the Code it was necessary that she should join her husband as a party, in all cases except the two enumerated ones, viz.: when the action concerned her separate property, or was between herself and her husband.

In 1862 the legislature, by section 7 of chapter 172, provided that "any married woman may bring and maintain an action in her own name, for damages, against any person * * * for any injury to her *person* or *character*." (*Mann* v. *Marsh*, 35 *Barb.*, 68. *Ball* v. *Bullard*, 52 *id.*, 144.) The facts set out in the plaintiff's complaint do not bring this case under either of the four cases enumerated in section 114 of the Code and section 7 of the act of 1862, and therefore these provisions of law cannot be held to give her any right to maintain an action for the matters therein alleged. These statutes giving married women the right to maintain separate actions remove disabilities only so far as a reasonable construction of their language requires.

The common law remains, except as changed by the

legislation referred to; and if the wife is interested in a cause of action not provided for by such legislation, she must still join her husband as a party. (1 *Chit. Plead.*, *p.* 28, *marg.*)

It may be that the innovating spirit of modern legislation will still further abrogate the principles of the common law, in respect to the marital relations and rights of husband and wife; but until such legislation occurs, it must be held that the facts set out in the plaintiff's complaint are not sufficient to constitute a cause of action; and also that the plaintiff cannot maintain, alone, an action by reason thereof.

The demurrer to the plaintiff's complaint is therefore sustained, with leave to the plaintiff to amend upon payment of costs.

So ordered.

[HERKIMER SPECIAL TERM, July, 1877.   *Hardin*, Justice.]