PHEBE MARIA CLARK AND HENRY L. CLARK HER HUSBAND, RESPONDENTS, v. THOMAS McCANN, APPELLANT, IMPLEADED WITH OTHERS.

*Statute of limitations — exemption of married woman from — taken away by chap. 741 of 1870.*

Phebe M. Clark, the plaintiff in ejectment, owned in 1850, in her own right, the premises described in the complaint. She was then, ever since has been and still is, a married woman. In 1850, defendants' grantor wrongfully entered into possession of the premises and occupied and continued to occupy the same adversely to her. This action was commenced in 1877, to recover possession thereof.

*Held,* that although her disability to bring an action to recover the land was removed by chapter 90 of 1860, yet, as the provision in section 88 of the Code of 1849, preventing the running of the statute as against married women during coverture, was not repealed until the passage of chapter 741 of 1870, that the plaintiff had ten years from the passage of the latter act within which to bring an action.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought to recover possession of certain land alleged to belong to the plaintiff Phebe M. Clark.

The defendants claimed title thereto under conveyances from one Warren Beeman, who entered into possession thereof in 1850.

*B. F. Tracy*, for the appellant.

*D. P. Barnard*, for the respondents.

BARNARD, P. J. :

Phebe Clark, in 1850, owned in her own right, the premises described in the complaint. She was then, and has ever since been and still is, a married woman. In 1850, one Warren Benner entered wrongfully into the possession thereof and occupied the same adversely to the owner. The defendants wrongfully withheld possession of the premises unless the cause of action is barred by the statute. This action was commenced in 1877. As the statute stood in 1850 the twenty year limitation did not run against a married woman. (Sec. 88, Code of 1849.) She had ten years after the disability ceased. In 1860, the Legislature removed all disabilities upon the part of married women to bring actions to recover lands. (Chap. 90, Laws of 1860.) The section of the Code which prevented the operation of the statute against married women continued still the same until May 6, 1870. By chapter 741 of Laws of 1870, the Legislature struck out " married woman" from among the classes of persons against whom the time for the limitation of actions did not run. (Laws of 1870, p. 1833, sec. 5.) It is thus seen that the statute of 1849 is based upon the disability of married women to sue. In 1860 the disability is removed, but the statute which exempted married women from the operation of the statute, and gave ten years after the disability ceases in which to bring actions, was continued. In 1870 the change of the statute in reference to the limitation of actions against married women is made to conform to the law of 1860, which removed the disability. It cannot be contended that the Legislature intended to deprive married women of the ten years granted married women to bring actions after disability ceased. Whether married women could sue or not after 1860 the

fact of being a married woman carried with it the right to that class of persons not to sue, and to have ten years after the marriage relations ceased in which to bring the action. So far as affects the statute of limitations married women must be considered under disability until 1870, when they were put on the same footing as their husbands in respect to bringing actions within twenty years or being barred by lapse of time. By section 73 of the Code, as amended by the act of May, 1870, the title, in regard to the limitation of actions did not apply to cases where the right of action had already accrued. (Sec. 73, Code, § 15, ch. 741 of 1870.) The construction claimed, that by reason of a failure to sue in ten years after 1860, the plaintiff's right of action was destroyed, would be a very cruel construction. She relied upon a statute which extended the time of bringing actions to married women until ten years after the marriage relation ceased ; by striking out the words "married woman" from the Code of 1849, by the amendment of 1870, her right of action is destroyed instantly. I think the plaintiff had ten years after May 6, 1870, before she was barred by the statute of limitations. The case of *Ball* v. *Bullard* (52 Barb., 141) does not seem to be based upon the correct construction of the two statutes. The act of 1860 does not, I think, destroy the express statute that married women shall not be included among those against whom the statute of limitation runs, although there was, in fact, no disability arising from the marriage relation. If she is not barred standing alone she is not by the joinder of her husband as co-plaintiff with her.

There is no objection made as to non-joinder of parties, and the recovery is had entirely upon her title. The husband avers that he has an estate for life as tenant by the curtesy, which is neither proven nor disproven. If he had such an estate he could, by joinder with his wife, unite the two titles. If he has not such an estate he is a merely nominal and needless party not objected to by answer.

Judgment affirmed, with costs.

DYKMAN J., concurred ; GILBERT, J., not sitting.

Judgment affirmed, with costs.