Macomber, J.
—In .view of the decisions upon this subject* I feel perfectly at liberty to follow my own judgment in this case as an original question, and I have not the least doubt but that this action is maintainable. It is the failure of the husband to live with his wife and his failure to support her adequately which may be said to be the direct result of the action of this defendant, and there is an injury, a loss, coupled with the direct damage, the approximate cause of which was the alienation of his affection by this woman. I do not see why such an action cannot be maintained by a woman as well as a similar action could be maintained by a husband. I do not think that we must resort to the idea that a husband can maintain such action only because his wife’s services are due him and he loses her services when her affections are alienated and she deserts him, and on the other hand I do not think it is a sufficient answer to the proposition to say that the wife cannot maintain such an action because there is no special statute giving her the right to maintain it. I know of no principle under these facts that would prevent the wife from maintaining the action, and inasmuch as the state of decisions in this State, allows me tó follow my own judgment, I must deny the motion.
The charge of the court was as follows :
Macombhr, J.—Gentlemen of the Jury:—The court has already ruled in your hearing that an action of *223 this kind can be maintained, provided the facts are as alleged in the complaint. The wife is entitled, asa matter of right, not only to the support and maintenance of the husband, but also to Ins love and affection. It follows, that if any woman, by the exercise of any arts and wile's, alienates the husband’s affections from his wife, entices him away from her presence, so that she has not the consolation and advantage of his society, and does not receive adequate support from him, an action may be maintained for such an injurjr.
It is incumbent upon the plaintiff in this action to prove to you, before a recovery can be had, not simply that the defendant merely harbored her husband, Mr.. Warner, but that she enticed him away—that she did something by which his former affections were alienated, by which lie afterwards failed to perform those duties which a husband always owes to his wife, for support and the like.
There must, in such an action as this, prevail the same rule as prevails in the case of an action by the husband against a man for enticing away the wife ; and I therefore charge you that there can be no recovery in this action unless the defendant intentionally alien-, a ted the affections of Warner, intentionally enticed him away from her presence, and thus induced Mm to; withhold the love and affection which he by law owedi to her.
It is shown that the defendant keeps a bawdy house. I am compelled to charge you,- as a matter of law, that that fact, standing alone, is not such an enticement as the law requires to be proven in an action of this kind. Hence it is of great importance for you to consider, as soon as you go to your jury room, the question which is presented here by the testimony—whether or not Warner’s affections had not been alienated and he had refused to live with his wife through other causes, it matters little what they were, than those set in motion *224 by the defendant. Ton will remember the evidence of Mr. and Mrs. Cassman as to the declarations of Warner that he would no longer, after a certain date, live with his wife, and also the evidence of Warner himself, and furthermore, the fact'as proven here as it seems to exist, by the witnesses on both sides, that they did not in fact live together fora long time before it is shown that he began to go to this house of ill-fame, or began to associate with the defendant. If Warner had been alienated from his wife, either by reason of real grievances or imaginary grievances, had refused to live with her, and as the Cassmans say, had told her so, and had carried those declarations into effect, there can be no recovery in this action against the defendant up to the time of the interview between Mrs. Warner and the defendant at the latter’s house. The case is devoid of any .evidence that the defendant put forth any inducement to Warner to abandon his family other than those which are apparent enough from the general business which she managed, except such as I shall state to you hereafter.
This action cannot be maintained solely upon the ground that defendant harbored Mr. Warner. In that respect, the casé differs slightly from an action of this kind, which may be brought by the husband for harboring his wife. The husband has the right to say where he shall live, and, within certain limits, he has that freedom of choice in many respects which the law does not accord to the wife. Hence, I say to you, that for mere harboring,—that is, from the fact that Warner went to this house of prostitution,—no action can be maintained by Mrs. Warner. There must be the enticement, there must be inducement, personal inducement, before the action can be maintained.
The evidence of an inducement may be given in a variety of ways. A situation may be disclosed by all of the . evidence from which a just inference of an *225 inducement and enticement may be made. I think it important that you be refreshed in your recollection by the evidence relating to this subject.
When Mrs. Warner went to the defendant’s house, they had an interview, as follows : Mrs. Warner says, 661 asked defendant if Mr. Warner came there,” and she. said “What if he does come here?” and I says, “I hear he copres here to see you,” and she says, “ What of that?” and I says, “It is a good deal to me, for he is my husband, and this is his child,” and she says, “That has nothing to do with me,” and I says, “X came here to ask you not to harbor him any more and give him up,” and she says, “No; I will not give him up.”
The evidence, gentlemen, is for your serious consideration, and from it you are to say whether or not the defendant did not thereby entice, seduce, and keep Mr. Warner from the affections of his own wife, and from the protection he owed to his own family.
There is no evidence that the defendant knew that Warner was married until this time, in September, 1884. On the contrary, Warner says himself that he never told her, and that he never told his father of his marriage. His father also corroborates that by saying he never heard of his son’s marriage until the litigation began, a year ago. There cannot be an enticement without an intent on the part of the person enticing to do the thing complained of.
Upon the subject of damages, gentlemen, I instruct you that the plaintiff, if she is entitled to recover anything, should recover a sum of money which would compensate her fairly for the loss of her support and maintenance,- if, under the evidence, you say that the husband has failed properly to support her and maintain her during this time up to the beginning of this action, by reason of the enticement of the defendant. But, in addition to that, there is reposed in your *226 hands an important duty—to consider whether or not, in addition to what you may term actual damages, you should not inflict, by way of punishment and admonition, further damages, called in the law exemplary damages, punitive damages, or what you understand, many of you, as smart money. It is in your power, if you shall find that there is a cause of action, that there have been any damages at all sustained by the plaintiff, to inflict such a sum as shall be a warning to persons against enticing away a husband from the affection and support of his family. If you shall say that the defendant has done nothing to alienate the husband, to withdraw him from his home, and did nothing to keep him from home after being notified, it would be your duty to render a verdict for the defendant. On the other hand, if you shall say that she has, by her arts and wiles, alienated his affections, kept him from the society of his wife, and induced him thereby not to give her the support which a wife by law is entitled to, it would be your duty to assess such damages under these instructions as you shall see fit.

 Referring to the cases of Brieman v. Paasch, 7 Abb. N. C. 249, and Van Arnam v. Ayers, 67 Barb. 544.