McAdam, J.
The plaintiff is concluded by the nature of her action as set forth in the complaint, which is for “ enticing away the plaintiff’s husband,” and the form of complaint used is that found in 1 Abbott's Forms, p. 504, No. 608. It is not for “ crim. con.” in which the words “debauched and carnally knew” are necessary allegations (McCall’s Forms, 3d ed. p. 270, No. 435 ; 1 Abbott’s Forms, p. 504., No. 609). So considered, the plaintiff is without a cause of action, for, according to her own testimony, she cohabited with her husband, until, by the advice oí her counsel, she left his home, hired rooms in another house, and brought an action in the supreme court for a limited divorce which resulted in .July, 1888, in an agreement for separation, by and with the sanction of the court, whereby her husband agreed to pay her alimony at the rate of $1,000 per year, payable monthly.. While the wife’s right to maintain an action for enticing away the husband is now affirmatively established in this State (Bennett v. Bennett, 116 N. Y. 584), the enticing must be clearly proved. An action for harboring a husband or wife is maintainable without the element of “crim. con.” (2, Hilliard on Torts, 4th ed., 510), but the harboring means some *23 thing more than receiving a visit or casually entertaining a guest; it means some act or influence by which the husband or wife is induced to remain away from home, or encouraged in some manner to desert the companionship of his or her life partner (Warner v. Warner, 17 Abb. N. C. 224).
There was no enticing away of the plaintiff’s husband, but a voluntary departure from him by the plaintiff, followed by the agreement for separation, “by judicial sanction,” in July, 1888, the consequence of which is to discharge the defendant from all liability for harboring the plaintiff’s husband, if her conduct rises to the gravity of such an offense. This results from the nature of the damages recoverable and the effect of a legal separation upon marital rights.
The damages recoverable are for the loss of the “ society, comfort and assistance ” of the husband or wife (Selwyn's N. P. 6; Bigelow on Torts, 153 ; Bennett v. Bennett; supra). Where the wife sues, she must rely upon the loss of consortium or conjugal society of the husband (lb.), and these things are renounced by a legal-separation (Reeves Dom. Rel., Ed. of 1867, p. 175), for, while united in form, the parties are divided in fact; “ they are thrown upon society in the undefined and dangerous character of a wife without a husband and a husband without a wife ” (Evans v. Evans, 1 Hagg. Cons. R. 36, 37). The spirit of the marriage contract, all that dignifies and ennobles it, is gone; the letter alone remains.
For the reasons stated, voluntary contracts for separation have in many cases been held illegal, unless entered into after actual separation, and made through the intervention of a trustee, or by sanction of the court. A deed of separation executed in contemplation of and as an inducement to afuture separation is void (Florentine v. Wilson, Hill and D. Supp., 303). This is because the law does not encourage husbands and wives to separate. Although a contract for future separation is void, it is *24 valid if made after separation (Galusha v. Galusha, 116 N. Y. 635 ; Allen v. Affleck, 64 How. Pr. 380). Judge COWEN, in People v. Mercien (3 Hill, 410), calls these articles “ a kind of divorce which the courts cannot very-well, at this day, gainsay.” In other words, whenever legal ground for separation exists, the parties may agree to it without compelling the court to hear the grievance and' award a decree, for what the court would be required to do, the parties may themselves do. An agreement of separation, followed by an immediate actual separation, is valid, and the covenant on the part of the husband to pay installments to a trustee for the support of the wife and' their children, is enforceable in an action by the trustee (Clark v. Fosdick, 118 N. Y. 7 ;s. c., 27 State Rep. 750 ; 28 Id. 349), and, in the absence of a provision in the agreement to that effect, the act of the wife in subsequently obtaining a divorce, no alimony being awarded, will not terminate the obligation of the husband to pay the installments. (Ib.)
The case was tried on the theory that the separation between the plaintiff and defendant was by decree of the court. It appears now that it was effected by agreement, under sanction of the court. The legal .result is in either case, the same, and the circumstances required no more than passing notice, although technically the plaintiff is bound by the theory on which the case was tried (Frear v. Sweet, 118 N. Y. 454).
In Weedon v. Timbrell (5 T.R. 357) it was ruled by Lord Kenyon that actions of this description, being founded on the injury which the husband has sustained in the deprivation of the comfort, society and assistance of his wife (an allegation to that effect being always inserted in declarations of this kind as being material and substantial), the consequence must be that when the husband voluntarily relinquishes the comfort, society and assistance of his wife, by consenting to a separation from her, He can suffer no loss from her incontinency whilst such separation *25 continues (see Bright on Husb. and W. 351 ; Fry v. Derstler, 2 Yeates, 273 ; Roper Hus. and Wife, 322 ; Bartelot v. Hawker, Peake N. P. C., 11* ; Hodges v. Windham, lb. 39* ; 4 Vin. Ab. 173 ; 2 Stark Ev. 698 ; Shelf on Mar. and Div. c. 6, p. 608).
If the action had been brought for “ crim con.” i. e., corrupting the mind and affection of the plaintiff’s consort, a brief review of rules regulating such actions and the authorities in regard thereto, to which attention has been called by the plaintiff’s counsel, might have been necessary; but as “ crim con.” is not charged, these matters, like the “ flowers that bloom in the Spring, have nothing to do with the cáse,” and require no comment. The motion for a new trial must be denied.
Note on the Distinction between an Action for Enticing away and Harboring a Wife or Husband and one for Criminal Conversation.
The distinction between the two actions is so well defined that a suit for enticing away the wife and the recovery of a judgment therein will not bar a separate action by the husband for “ crim. con.” Schnell v. Blohm, 40 Hun, 378.
While one action may comprehend the two subjects, there are many cases which do not comprehend both. For example, the father of a female, believing her to have been ill-treated by the husband, may invite her to return to his home, and may keep her there. This might be a case of enticing away and harboring (see Barnes v. Allen, 1 Abb. Ct. App. Dec.,111 ; rev’g 30, Barb. 603), but clearly not of crim. con. which consists in the act of corrupting the mind and body. The preceding opinion treats fully the question of enticement. The question of crim.con. involves other considerations.
Bulloer says: “ The action lies for the injury done to the husband in alienating the wife’s affections; destroying the comfort'that he had from her company; and raising children for him to support and provide for” (Buller's N.P. 26). The injury has always been described as committed with force and constraint, the wife having no power to consent (2 Chitty, p. 641 n; Selwyn's N. P. 10). In form, it is an action for trespass, vi et armis; but in substance, an action on the case for the seduction of the wife, the alienation of her affections from her husband, and exposing him to shame, *26 ridicule, and the hazard of maintaining a spurious issue. It proceeds upon the fiction that a wife has no will, and could not have consented to the adultery (Reeves Dom. Rel. Ed. of 1867, p. 139). The husband’s right to recover against the wife’s seducer is not barred by his continuing to live with her after knowledge of her infidelity, and the reason given is that the husband may forgive his wife, and yet he may not forgive the author of her defilement, and of his loss, wrong and injury (Sikes v. Tippens, 42 Alb. L. F. 177).
Benj. V. Abbott in his law dictionary, describes the action as * the tort of debauching or seducing of a wife,” and the offence of persuading away a person’s wife was made indictable in England (3 Edw. 1, c. 13 ; 3 Black. Comm. 139.) The woman was evidently supposed to be the weaker vessel, for no safeguards were thrown around the husband, who was regarded as the master and the man, capable of protecting himse¡lf. Indeed, the law seemed to regard the masculine as the seducer, the feminine or wife the victim, so much so, that in nearly all legal works the subject of “ crim. con.” is considered under the head of seduction. “Crim. con." may, therefore, be accepted as a species of seduction, in which the arts and wiles and designs of the seducer play a prominent part. If force is actually used, the real offence is “-rape,” and it is by reason of the incapacity alone of the wife to consent (as against the husband) that “ crim. con.” has ever been regarded as trespass, vi et armis, a fiction that has Caused much difference of opinion among law writers as to whether the injury which is clearly consequential should be technically denominated “case” or “trespass.”
The action has been considered one of trespass, (Selwyn’s N. P. 10) yet in effect it is in case (Macfadzen v. Olivant, 6 East. 387 ; Sanborn v. Neilson, 5 N. H. 314), the wrong not being immediate, but consequential. Either form of action may be adopted, however, case being preferred by some authors, (2 Hilliard on Torts, 4 ed. 506, 507). The theory that the woman was the seduced and the man the ravisher, vi et armis, so impressed itself on these actions, that it was for a long time supposed that a wife could not maintain “crim. con’.,” and it was so held in Van Arnum v. Ayres, (67 Barb. 544) ; Logan v. Logan, (77 Ind. 558) and other cases. In England, the question is still unsettled (Lynch v. Knight, 9 H. L. 577)- In this State the wife’s right to maintain the action, is now affirmatively established, (Bennett v. Bennett, 116 N. Y. 584).