WILLOUGHBY H. BUTEAU, Plaintiff, *v.* FREDERICK J. NAEGELI, Defendant.

Supreme Court, New York Trial Term, February 25, 1925.

**Husband and wife — alienation of wife's affections — jury may award exemplary damages though nominal compensatory damages only are awarded — $5,000 exemplary damages not excessive.**

In an action by a husband for the alienation of his wife's affections the jury may award exemplary damages though it awards nominal compensatory damages only.

In this case an award of $5,000 exemplary damages is not excessive.

MOTION by defendant for a new trial on the minutes.

*Allen C. Bragaw*, for the plaintiff.

*Walter L. Post* [*Arthur K. Wing* of counsel], for the defendant.

CHURCHILL, J.:

The action is for alienation of the affections of plaintiff's wife. The jury were told that if they found for the plaintiff on the issue of alienation they should award what they considered to be fair compensation for the wounded feelings of the plaintiff, the injury to him in his domestic and social relations, the loss of the conjugal society and the services of his wife, the stain and dishonor he might have sustained, and the grief he might have suffered. I then further charged as follows: " It is also for you to consider, if you find for the plaintiff, whether you will go further than I have already indicated in assessing the damages. You have the right, in addition to awarding such damages as you consider fair compensation for any injuries that you find plaintiff to have suffered, to inflict by way of condemnation and warning, further damages known in the law as exemplary damages, or what is sometimes called smart money. If you conclude to award damages of that character they should be such a sum as you would think

proper as a warning and example to the defendant and other persons in similar cases. Whether or not you will make such an award in addition to compensatory damages is a matter which the law leaves to your sound discretion."

The jury retired and later inquired: " If the jury finds for the plaintiff, can the verdict be based on a sum of money for alienation of affections and an additional sum for punitive damages, called smart money, and must these amounts be combined or may the verdict be given in separate amounts? " With approval of counsel they were told that they might state the amounts separately or combine them in their discretion. Subsequently, they returned a verdict " for the plaintiff in the sum of $1 for alienation of affections and $5,000 for smart money."

Nothing had been said in the charge to suggest that nominal damages might properly be awarded in any view of the evidence. But plaintiff, being satisfied with the aggregate award, makes no complaint of the inadequacy of the sum given as compensation. Defendant moves for a new trial but does not criticise the charge which, I think, is supported by the authorities. (*Warner* v. *Miller*, 17 Abb. N. C. 221; *Churchill* v. *Lewis*, Id. 226; *Bennett* v. *Bennett*, 116 N. Y. 584; *Dain* v. *Wycoff*, 7 id. 191; *Hamilton* v. *Third Avenue R. R. Co.*, 53 id. 25; *Chellis* v. *Chapman*, 125 id. 214.) His only exception to the charge taken on the trial appears to be without merit. (*Hendrick* v. *Biggar*, 209 N. Y. 440.)

The question of chief interest presented by the motion concerns the proper application of the doctrine of exemplary damages. That doctrine has been repudiated by many courts, judges and text writers. (See 2 Greenl. Ev. [Lewis ed.] § 253 and notes; 1 Sedg. Dam. [9th ed.] §§ 353, 358, 359; 2 Suth. Dam. [4th ed.] §§ 392–404; *Craker* v. *Chicago & Northwestern R. Co.*, 36 Wis. 657; *Brown* v. *Swineford*, 44 id. 282, 285; *Fay* v. *Parker*, 53 N. H. 342; *Hendrickson* v. *Kingsbury*, 21 Iowa, 379; GARDINER, J., in *Dain* v. *Wycoff*, 7 N. Y. 191.) See, also, the admirable opinion of Commissioner PARKER in the *Lusitania Cases* before the Mixed Claims Commission (N. Y. L. J. March 13, 1924). But, although its illogical and unsatisfactory character has not escaped comment by judges of our highest court (*Dain* v. *Wycoff*, 7 N. Y. 191; *Kiff* v. *Youmans*, 86 id. 324, 331, 332) there is no doubt that we have adopted it. (*Cook* v. *Ellis*, 6 Hill, 466; *Burr* v. *Burr*, 7 id. 207, 217, 218; *Johnson* v. *Jenkins*, 24 N. Y. 252; *Hamilton* v. *Third Avenue R. R. Co.*, 53 id. 25; *Voltz* v. *Blackmar*, 64 id. 440; *Chellis* v. *Chapman*, 125 id. 214.)

The question whether an award of purely nominal damages by way of compensation is sufficient to sustain an allowance of substantial damages by way of punishment or example has frequently

arisen in other States. It has been answered differently in different jurisdictions. Sometimes it has been answered differently in the same jurisdiction. (*Hefley* v. *Baker*, 19 Kans. 9; *Sondegard* v. *Martin*, 83 id. 275.) The cases are collected in the text books. (2 Suth. Dam. [4th ed.] § 406.) They are too numerous to be cited here. Authorities on one side of the question are met by a substantially equal array of decisions on the other.

In New York the question seems to have been involved in the decision of only a single reported case. (*Prince* v. *Brooklyn Daily Eagle*, 16 Misc. 186.) That was a libel case. The trial judge had refused a request to charge that punitive or exemplary damages might be given. The jury brought in a verdict for six cents. On a motion for a new trial the court concluded that he had erred in refusing the request to charge and granted the motion for a new trial. Since the jury had found that the plaintiff had sustained no substantial damage, the error in the charge would have been harmless and the motion for a new trial would necessarily have been denied unless the court had been of the opinion that an award of nominal damages by way of compensation was sufficient to support a substantial award by way of punishment or example. The point was, therefore, directly involved in the decision and the opinion shows that such was also the reasoning of the court. That case was decided by a very learned judge and, in view of the evenly balanced state of the decisions in other jurisdictions, I am of the opinion that orderly practice requires that I should follow the single decision already made in this jurisdiction rather than make an individual choice between the two widely prevailing views established elsewhere.

I am further persuaded to that course by the fact that the United States Circuit Court of Appeals for this circuit has taken a similar view of the law on the point at issue. (*Press Pub. Co.* v. *Monroe*, 73 Fed. 196.)

I am not disposed to disturb the verdict on the theory that it is contrary to or against the weight of the evidence. Nor can the sum of $5,000 awarded as damages by way of admonition and example be deemed excessive.

That this case conforms to the theory of exemplary damages in that it presents evidence of a wanton and willful trespass, there is no doubt. The defendant knew that the woman had a husband and had children. The jury may be assumed to have believed that as a wife she was not worth much, but that, despite her protestations of abhorrence for her husband, they had no right to conclude all affection was extinct; that without the defendant's enticement she might remain clean and return to her home and her children as she had returned before she met the defendant.

And so they deemed that spark of hope worth one dollar. But they doubtless contemplated the defendant's disregard of the marital relation in its aspect of menace to the community. They apprehended the heinous feature to be not the private wrong but the public wrong.

The motion to set aside the verdict and for a new trial is, therefore, denied. An exception is allowed to defendant with thirty days' stay and sixty days to make a case.