Van Voorhis, J. (dissenting).
In our view the rules for the allowance of punitive or exemplary damages should not be extended to the facts of this case. The very circumstance that plaintiff asks for compensatory damages of $1,380 and punitive *407 damages in the amount of $75,000 is an excellent illustration of the reasons on account of which the award of punitive damages should be restricted rather than extended to situations where they are not as yet traditionally allowed. In Dain v. Wycoff (7 N. Y. 191, 193-194) the court used language which is applicable to the present situation: ‘ ‘ There can be no reason why twelve men wholly irresponsible should be allowed to go beyond the issue between the parties litigating, and after indemnifing the plaintiff for the injury sustained by him proceed as conservators of the public morals to punish the defendant in a private action for an offence against society. If the jury have the right to impose a fine by way of example, the plaintiff has no possible claim to it, nor ought the court to interfere and set it aside, however excessive it may be. In ordinary cases of misdemeanor, the legislature have restricted the power of the court in the imposition of penalties within certain definite limits. But a jury in civil actions have by this hypothesis an unlimited discretion to determine the crime and upon the measure of redress demanded by the public interest. The right stands upon no principle nor, in reference to actions of this character upon any authority.”
The rule is firmly established in this State that punitive or exemplary damages are not allowed in fraud cases (Lane v. Wilcox, 55 Barb. 615; Oehlhof v. Solomon, 73 App. Div. 329; Toho Bussan Kaisha, Ltd., v. American President Lines, 265 F. 2d 418, 421 [C. A., 2d]; 1 Clark, New York Law of Damages, pp. 108-109). Those cases consider the subject carefully and at length, stating the particular instances where punitive damages are granted and others in which they are denied.
The case of Kujek v. Goldman (150 N. Y. 176), cited in the majority opinion, is not an exception to the denial of punitive damages in the ordinary fraud case. The best proof that they are not allowed is that damages of that nature are almost never demanded in instituting actions based on fraud. It is true that the majority opinion, following language adopted by the Appellate Division, aimed to distinguish the present appeal from the usual fraud case by purporting to limit punitive damages to what is alleged to have been ‘1 a virtually larcenous scheme to trap generally the unwary in which event punitive damages may be recoverable on the theory of wanton *408 and malicious conduct. ’ ’ This language of the Appellate Division is based on the circumstance that the complaint alleges that the sum of $1,380 was obtained from plaintiff by misrepresentation for the purpose of a business which was illusory. It may well be that others than plaintiff were similarly mulcted and that this was merely what in popular terms is called a racket. If it was “ larcenous ”, however, as the Appellate Division said, then it may be punishable under the criminal law, and to permit the award of punitive damages in a civil action may render the defendants liable to both civil and criminal punishment by way of admonishment and entirely without relation to whatever damages plaintiff has suffered. The time-honored rule of damages for fraud in business dealings is the actual pecuniary loss sustained (Reno v. Bull, 226 N. Y. 546, 553; Sager v. Friedman, 270 N. Y. 472, 481).
The reasons against extending the coverage of punitive or exemplary damages are manifold, and many of them are patent under the facts of this case. McCormick on Damages (1935 ed., p. 276) says that it is probable that, in the framing of a model code of damages today, for use in a country without previous legal tradition, ‘ ‘ the doctrine of exemplary damages would find no place.” His reasons are the double jeopardy involved in subjecting a defendant to both criminal prosecution and to punishment in the form of civil punitive damages for the same act, in violation of the spirit, if not the letter, of the constitutional prohibitions against punishing a man twice for the same offense, and the limitation of exemplary damages ‘ ‘ only by the caprice of jurors, subject to a review by the judges only in a rare case where the judge can find impropriety of motive or gross' disproportion, and that this want of a guiding measure leads to excess and injustice.” Other reasons against extending the coverage of punitive damages in tort cases are stated in a learned article (44 Harv. L. Rev., pp. 1173-1209). Among these objections are the difficulty of apportioning punitive damages where, as in this case, there are several defendants possibly guilty of moral turpitude in varying degrees, and also that in the prosecution of such actions the proper admonition of a defendant need not involve the payment of money in as large an amount as can be obtained by a plaintiff by inflaming the passions of the jury. The motivation of plaintiffs in prosecuting *409 such suits is likened to the situation which would exist if a District Attorney were paid according to the number of convictions that he was able to secure. The plaintiff profits more by heavy punishment than by light, even in instances where light punishment might have better admonitory value. The injustice is, of course, mentioned of lining the pocket of a plaintiff with money taken from a defendant in the interest of society, in addition to any loss which the plaintiff may have actually sustained. If it be thought that such a plaintiff should be recompensed not only for his damages but also for the expense of prosecuting a lawsuit for fraud, then the allowance of punitive damages is an inept manner of doing so. The jury are not instructed that the plaintiff’s expenses of suit are a measure of the exemplary damage, but, rather, that whatever amount be awarded should be computed in such sum as would represent the payment of a defendant’s debt to society. All of this is more properly the function of the criminal law.
For these reasons we consider that the law of punitive damage should be kept within its present boundaries, and not extended to cases to which it does not presently relate. The limitation on the extension of such coverage to fraud cases, suggested by the Appellate Division and adopted by the majority of this court, will, in practice, be difficult if not impossible to apply. In the ordinary case it is enough to try one lawsuit instead of a multiplicity of actions in order to determine to what extent a defendant is defrauding other members of the public besides the plaintiff.
For these reasons we vote to reverse the order appealed from, to grant the motions to strike out the allegations of the complaint asking for punitive or exemplary damages and to answer the question certified in the negative.
Chief Judge Desmond and Judges Dye and Burke concur with Judge Fuld; Judge Van Voorhis dissents in an opinion in which Judges Froessel and Foster concur.
Orders affirmed, etc.