### SIMMONS *v.* SIMMONS.

*(Supreme Court, Special Term, New York County.*  July, 1888.)

1. PLEADING—MOTION TO MAKE CERTAIN—PARTIAL DEFENSES.
    Under Code Civil Proc. N. Y. § 508, requiring matter pleaded as a partial defense to be expressly stated to be so intended, an answer to a complaint for alienating the affections of plaintiff's husband, setting up a divorce, and also an agreed separation, between plaintiff and her husband, will, on motion, be required to be made more definite and certain, that it may appear whether such facts are relied on as defenses, partial defenses, or in mitigation of damages.

2. SAME—REPLY—WHEN ALLOWED—NEW MATTER.
    As such defenses or partial defenses do not constitute counter-claims, plaintiff will not, on her own motion, be allowed to reply thereto; section 516 only authorizing such reply on the application of defendant when the answer contains matter of avoidance.

At chambers.  On motion to make answer more definite and certain.

Action by Phœbe B. Simmons against Nellie F. Simmons, for the alienation of the affections of plaintiff's husband, Abram G. Simmons.  The complaint alleged the marriage; improper conduct of her husband and the defendant; plaintiff's frequent condonation of her husband's misconduct; and his ultimate desertion of her for defendant; and his marriage with the latter after obtaining a pretended divorce.  The answer, among other things, averred, in paragraphs 3 and 4, respectively, that plaintiff and her husband were divorced in November, 1887, by a decree of the supreme court of Rhode Island, and that in the September previous they agreed to live separately, for which the plaintiff received $5,000.  These allegations not being deemed sufficiently specific, plaintiff moved that they be made more definite and certain, and that the plaintiff might reply or demur to said paragraphs.  When this motion was made more than 20 days had elapsed after the answer was served.  Code Civil Proc. N. Y. § 516, provides that the court, in its discretion, on defendant's motion, direct the plaintiff to reply to new matter in an answer pleaded by way of avoidance, in which case the reply shall be governed by the same rules as a counter-claim.  Supreme court rule 22 requires motions to correct a pleading for scandal, redundancy, uncertainty, etc., shall be made before joining issue thereon, and within 20 days from the service thereof.

*T. B. Clarkson,* for plaintiff.  *C. J. Patterson,* for defendant.

ANDREWS, J.  It is entirely clear that neither paragraph 3 nor paragraph 4 of the answer, as pleaded, sets up a complete defense to the cause of action contained in the complaint.  Section 508 of the Code authorizes a partial defense to be pleaded, but provides that "it must be expressly stated to be a partial defense," and, if either or each paragraph was intended as a partial defense, the pleader has not complied with the provisions of said section.  If it was intended in said paragraphs to plead facts which would go in mitigation of damages, it should have been so stated.  Under these circumstance, I think the plaintiff is entitled to an order requiring the defendant to make the allegations of said paragraphs more definite and certain, so that it will clearly appear whether such paragraphs are intended as defenses or partial defenses, or as matter in mitigation of damages.  The order may provide that, if an amended answer is not served within 10 days, such paragraphs shall be stricken out; also that, if the matter contained in said paragraphs is pleaded as defenses or partial defenses, plaintiff may demur within 20 days.  As such defenses or partial defenses would not constitute counter-claims, and as a reply to new matter in an answer, not constituting a counter-claim, cannot be directed under section 516 of the Code, upon plaintiff's application, the order will not authorize plaintiff to reply.  The motion was not made within 20 days prescribed by rule 22, and no costs will be granted to either party.  The order will be settled on notice.