# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ERRORS

OF THE

# STATE OF CONNECTICUT.

---

### LAURA L. FOOT *vs.* MARIA D. CARD.

New Haven Co., June T., 1889. ANDREWS, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

A wife's right to the affection and society of her husband is the same as his
right to hers.

An action can be maintained by a wife against a woman who has alienated
from her the affection and deprived her of the society of her husband.

And the suit can be maintained in her own name, without her husband
being joined.

And it does not affect her right of recovery that she and her husband are
living together.

And the damages recovered become her property.

[Argued June 4th—decided September 13th, 1889.]

ACTION for the alienation by the defendant of the affec-
tions of the plaintiff's husband; brought to the Superior
Court in New Haven County. The declaratory part of the
complaint was as follows:—

1. That the plaintiff was and is the wife of Enos Foot, of
the town of New Haven, and in 1872, and for many years
previous thereto, she was living happily with her said husband
at New Haven as his wife.

2. About the year 1872 the defendant came to New Ha-
ven, and by her acts, blandishments and seductions alien-
ated the love and affection of the plaintiff's husband, and

destroyed her happiness and the happiness of her home, and has continued so to do to the date hereof.

3. The defendant has at various times from 1872 to 1888, and at various places, committed adultery with the plaintiff's said husband, and by means thereof has obtained large sums of money.

4. The plaintiff has suffered great pain of body and great distress of mind, and has lost the love and affection and society of her husband, and her own health and happiness, and has been neglected and abandoned by her said husband in consequence of the wrongs and injuries of the defendant as aforesaid, and said abandonment still continues.

The defendant pleaded in abatement that the husband should have been joined as a co-plaintiff. The plaintiff demurred to the plea, and the court held it insufficient. The defendant then demurred to the complaint, the causes of demurrer assigned being fully stated in the opinion. Upon these pleadings the case was reserved for the advice of this court.

*C. S. Hamilton,* for the defendant.

1. The suit cannot be maintained without the joinder of the husband. 1 Swift's Dig., 37; 2 Addison on Torts, 1107; *Fowler* v. *Frisbie,* 3 Conn., 320, 324; *Edwards* v. *Sheridan,* 24 id., 165, 169; *Smith* v. *Bank of New England,* 45 id., 416, 418.

2. The demurrer to the complaint should be sustained. The law is well settled in this state that such an action as this cannot be maintained, and as no obvious reason appears in this case why the court should depart from the law as it stands, the complaint should be held insufficient. The fact that our reported cases do not show a single decision, or even *obiter dictum,* which hints that such a suit can be maintained, is good evidence of how the courts and profession have always regarded this matter. In the nature of things it must have happened ere this in numerous instances that men have abandoned their wives for other women; but none of the profession have ever thought that a woman could be sued for seduction any more than she could be prosecuted

for rape; and when the day comes that the courts are open for a woman to be paid in dollars and cents for the hours her husband has spent with some other woman, the days of all sorts of delicacy and modesty in women are gone. In the revision of Swift's Digest, by Judge Dutton, (vol. 1, p. 38,) the principle we are contending for is laid down in these words: "Though the husband can bring an action for injury done to the wife, yet she can never bring an action for an injury done to the husband, though she may have sustained the greatest damage by it. An action was brought by a woman, alleging that the defendant had by fraud and artifice induced her husband to drink so much strong liquor that he died instantly, by which she had lost his protection and support. After verdict for the plaintiff the declaration was adjudged to be insufficient. There is no principle ever adopted by courts of justice that will warrant such an action." To the same effect are the following authorities: 1 Addison on Torts, 43; Cooley on Torts, 227; *Lynch* v. *Knight*, 9 H. L. Cases, 577, 589; *Van Arnam* v. *Ayers*, 67 Barb., 544; *Logan* v. *Logan*, 77 Ind., 558, 564. The utter absence in all the reports of cases of this character is one of the surest indications that it has always been understood by the profession generally that such suits could not be maintained. As a matter of principle and public policy there is every reason why the law should remain as it is, certainly until it is changed by legislative enactment. If the people, through their representatives in General Assembly convened, say that they desire an act by virtue of which such a suit can be maintained, it will then be time enough for the court to sustain such an action, but until then no such law should be thrust upon the people as is sought to be made by this case. The conditions of society and the employments of men necessarily place them in many positions where entirely innocent women might be subject to suits of this character from men's wives who, through petty and unfounded jealousy, would be willing to rush into the courts to redress pretended grievances of this sort. One of the chief grounds on which an action of criminal conversation is based is the imposition

upon the injured husband of a spurious offspring, but there can be no danger of a wife having inposed upon her a spurious offspring. There is no difficulty in a woman determining whether she has been delivered of a child or some other woman. It is physically impossible for a man to be seduced in the sense that it is understood in the law. He must always be equally or more than equally guilty in the offense of adultery, and it would certainly be a novel feature of the law that a wife could maintain an action for the commission of an act for which her husband was more than equally guilty with the defendant.

*C. H. Fowler*, for the plaintiff.

1. The law will give redress for such an injury as this. The pursuit of happiness and to be secure in that pursuit, in the marriage relation, are inherent rights. The happiness of the marriage relation cannot be destroyed by man or woman with impunity and the law furnish no redress. " If there can be shown a concurrence of loss and injury from the act complained of, we are bound to say this action lies. Nor can I allow that the loss of *consortium*, or conjugal society, can give a cause of action to the husband alone. I think it may be a loss which the law may recognize to the wife as well as to the husband." CAMPBELL, Lord Chancellor, in *Lynch* v. *Knight*, 9 H. of L. Cases, 577, 588. The English common law is not adopted in this state except by judicial practice. *Baldwin* v. *Walker*, 21 Conn., 181. The state constitution (Art. 1, sec. 12,) provides that " every person for an injury done him shall have remedy by due course of law." There is no rule of law preventing this action. "As nature abhors a vacuum and fills it with matter, so the law abhors a wrong and finds the remedy." " The law has wisely afforded a remedy for every wrong and is not restrained by any inflexible rules." The husband may be, of all men, least inclined to vindicate the rights of his wife. He cannot prevent their vindication by the law. *Berger* v. *Belsley*, 45 Ill., 72, 75; *City of Peru* v. *French*, 55 id., 317, 323. " It would be a humiliation were we obliged

to confess that courts would be powerless to furnish a remedy for such a wrong as this case discloses." LOOMIS, J., in *Adams* v. *Adams*, 51 Conn., 135. "The court can promulge as law any provision which will meet the particular mischief." HOSMER, C. J., in *Card* v. *Grinman*, 5 Conn., 168. The existence of the wife as a person, with personal rights separate and apart from the husband, has always been recognized in this state. "The ground of this action is the wife's personal injury." *Fuller* v. *Naugatuck R. R. Co.*, 21 Conn., 557, 573; Gen. Statutes, § 987. Wives have rights in their husband's fidelity to the marriage contract " which the courts are bound to respect." The good of society, public health and morals, and private happiness, demand that the right of the wife in the *consortium* of her husband, shall be protected by the courts; that both parties to the marriage contract shall be protected alike in their contract rights. *Westlake* v. *Westlake*, 34 Ohio St., 621; *Clark* v. *Harlan*, 1 Cin. Sup. Ct., 418; *Baker* v. *Baker*, 16 Abbot's New Cases, 293; *Warner* v. *Miller*, 17 id., 221; *Churchill* v. *Lewis*, id., 226; *Jaynes* v. *Jaynes*, 39 Hun, 40. "It is no answer for the defendant to say that the plaintiff could seek redress against her husband, bring an action for divorce, and, crying for bread, possibly obtain an order that he pay alimony. It would be a reproach to the law, alike illogical and immoral, if such a defense could prevail." NEILSON, C. J., in *Breiman* v. *Paasch*, 7 Abbot's New Cases, 249, 253.

2. The wife can maintain the suit in her own name. The husband has no interest in obtaining the judgment. Besides this, by the adultery with the defendant the husband has renounced his marital right to the person of his wife as completely as he could by articles of separation. Should he try to hold her forcibly after this violation of the marriage contract, she would be discharged on *habeas corpus*. He cannot compel her to live with him. *Rex* v. *Mead*, 1 Burr., 542; *Rex* v. *Lister*, 1 Strange, 478. By this breach of the marriage contract the husband has abandoned his marital rights in and his duties to his wife, and conferred on her all the rights of a *feme sole*. Gen. Statutes, § 2794. "The husband

has violated the duty cast on him by the law; withdrawn from the marriage relation; bestowed the affection which belongs to his wife upon another. This is abandonment." *Ahern* v. *Easterby*, 42 Conn., 546, 551; *Moore* v. *Stevenson*, 27 id., 14, 24; *Jaynes* v. *Jaynes*, 39 Hun, 40, 42.

PARDEE, J. The plaintiff alleges that in the year 1872 she was living happily with, and in the enjoyment of the conjugal affection and society of, her husband Enos Foot: that in that year the defendant by her arts, blandishments and persuasion induced the said Enos Foot to begin, and from thence hitherto to continue, an adulterous intercourse with her; and that she thereby alienated from the plaintiff his conjugal affection, induced him to deny to her his conjugal society and persuaded him to abandon her. She asks damages for these injuries.

The defendant pleads in abatement that the plaintiff and her husband are still living together, and that he should have been made co-plaintiff. The plaintiff, demurring to this plea, admits, for the purpose of the question before us, that she is still living with her husband.

For further defense, the defendant demurs to the complaint as follows:—

" 1. The matters and allegations contained in the plaintiff's complaint are insufficient in the law to constitute any cause of action against the defendant.

" 2. Because it is alleged in said complaint and appears therefrom that the plaintiff is a married woman, the wife of one Enos Foot, and has been the wife of said Enos ever since the year 1872, and for many years previous thereto, and as such married woman she cannot, either alone or jointly with said Enos, her husband, maintain this action; nor can she as such married woman maintain any action for any of the supposed causes of action set forth in the complaint; nor can she as such married woman recover any damages against this defendant for any of the acts alleged to have been done in the complaint, or for the money so alleged to have been expended, as therein set forth; nor has she as

Foot v. Card.

such wife any claim or cause of action against the defendant for any of the alleged acts set forth in the complaint.

" 3. The relation of husband and wife does not give the plaintiff any cause of action at law for any of the alleged acts set forth in the complaint.

" 4. The plaintiff has no right, title or interest in the supposed causes of action set forth in the complaint.

" 5. The alleged acts set forth in the complaint could only have been done by the voluntary assistance and co-operation of the said Enos Foot ; and for his immoral conduct the defendant is not liable to the plaintiff.

" 6. No legal cause of action could accrue from the facts set forth in the complaint, because it appears that the said Enos, the plaintiff's said husband, was equally guilty with the defendant in the doing of the alleged acts.

" 7. The plaintiff alone cannot maintain this action, but the said Enos is a necessary party to this action, if any cause of action exists.

" 8. It does not appear from said complaint that the supposed wrongs and injuries which the plaintiff is said to have suffered resulted from acts of the defendant, but it does appear that the same (if any there are) resulted directly from the voluntary, immoral and adulterous conduct of the said Enos Foot.

" 9. No action for criminal conversation is at common law maintainable by a married woman against another woman, and it is not alleged and does not appear that this pretended action is founded upon any statute authorizing it ; and there is in fact no statute authorizing it."

For the sole purpose of testing the sufficiency of the pleadings the defendant admits by her demurrer that from 1872 to this present she has alienated from the plaintiff the conjugal affection of her husband, induced him to withhold from her his conjugal society, and herself has since lived in continual adultery with him. She denies however that the law has any form or mode of redress for this wrong. The case is reserved for the advice of this court as to the judgment to be rendered.

So far forth as the husband is concerned, from time immemorial the law has regarded his right to the conjugal affection and society of his wife as a valuable property, and has compelled the man who has injured it to make compensation. Whatever inequalities of right as to property may result from the marriage contract, husband and wife are equal in rights in one respect, namely, each owes to the other the fullest possible measure of conjugal affection and society; the husband to the wife all that the wife owes to him. Upon principle this right in the wife is equally valuable to her, as property, as is that of the husband to him.

Her right being the same as his in kind, degree and value, there would seem to be no valid reason why the law should deny to her the redress which it affords to him. But from time to time courts, not denying the right of the wife in this regard, not denying that it could be injured, have nevertheless declared that the law neither would nor could devise and enforce any form of action by which she might obtain damages.

In 3 Blackstone's Commentaries, 143, the reason for such denial is thus stated. "The inferior hath no kind of property in the company, care or assistance of the superior, as the superior is held to have in those of the inferior; therefore the inferior can suffer no loss or injury."

Inasmuch as by universal consent it is of the essence of every marriage contract that the parties thereto shall, in regard to this particular matter of conjugal society and affection, stand upon an equality, we are unable to find any support for the denial in this reason, and the right, the injury, and the consequent damage, being admitted, then comes into operation another rule, namely, that the law will permit no one to obtain redress for wrong except by its instrumentality, and it will furnish a mode for obtaining adequate redress for every wrong. This rule, lying at the foundation of all law, is more potent than, and takes precedence of, the reason that the wife is in this regard without the pale of the law because of her inferiority.

In *Lynch* v. *Knight*, 9 House of Lords Cases, 589, the wife,

with whom the husband was joined for conformity, complained that the defendant, a man, had alienated from her the conjugal affection of her husband and deprived her of his conjugal society by falsely asserting to him that she had been guilty of unchaste conduct; and asked damages. The defendant had judgment for the reason that the court was of opinion that the statement by the defendant to the husband did not, as a fact, occasion the alienation of affection and consequent separation complained of. In dismissing the case for this reason the Lord Chancellor said : " Although this is a case of first impression, if it can be shown that there is presented to us a case of loss and injury from the act complained of, we are bound to say that this action lies. Nor can I allow that the loss of *consortium*, or conjugal society, can give a cause of action to the husband alone. * * * The loss of conjugal society is not a pecuniary loss, but I think it may be a loss which the law may recognize to the wife as well as to the husband." Lord CRANWORTH said:—"In the view I take of this case I do not feel called upon to express a decided opinion on this point. I believe your Lordships are not all agreed on it; and I will therefore only say that I am strongly inclined to think that the view taken by my late noble friend," (the Lord Chancellor) " was correct."

Wherever there is a valuable right and an injury to it, with consequent damage, the obligation is upon the law to devise and enforce such form and mode of redress as will make the most complete reparation. A technicality must not be permitted to work a denial of justice. The defendant has no possible interest in requiring the husband to be co-plaintiff, other than that she should have security for her costs in this suit, and be protected from a second judgment upon the same cause of action in his name. As she is in no danger of a second judgment, and can compel the plaintiff to give security for costs, it is simply an empty technicality which she here interposes. There are good reasons for the rule that the husband should join in a complaint for damages resulting from an injury to the person, property, repu-

tation or feelings of the wife in every case other than that before us. Whenever in any of these she suffers, presumably he suffers; he has a direct pecuniary interest in the result; and the defendant is entitled to protection from a second judgment. But, in the case before us, it is the pith and marrow of the complaint that in alienating the husband's conjugal affection from the wife, in inducing him to deny his conjugal society to her, in persuading him to give his adulterous affections and society to the defendant, the latter has inflicted upon the plaintiff an injury by which from the nature of the case it is impossible for the husband to suffer injury; for which it is impossible for him to ask redress either for himself or for his wife. To ask in his name would be to plant the seeds of death in the cause at the outset, and the law does not compel those who have suffered wrong so to ask for redress as to ensure denial.

In a case of this kind the wife can only ask for damages by and for herself; the law cannot make redress otherwise than to her solely, apart from all others, especially apart from her husband. For no theory of the law as to the merger of the rights of the wife in those of the husband could include her right to his conjugal affection and society. Although all other debts and rights to her might go to him, there yet remained this particular debt from him to her absolutely alone and beyond the reach of the law of merger. So long as she on her part kept the marriage contract no interest in this right can be taken from her; the husband cannot acquire any interest in it; she cannot transfer any.

Of legal necessity, therefore, damages for injury to this right must be to her solely. If the law should permit the husband to share therein, it would be to the extent of such share to deny justice. This the law may not do. Moreover, even if it be so that upon the recovery of damages by the wife for this injury to her sole right, the law would give to the husband the custody thereof as her trustee, that would not be a sufficient answer to the action in its present form.

It is the contention of the defendant that the admission by the plaintiff that she and her husband are still living

together, is an admission that she now has and enjoys all that the marriage contract can, or intended to, secure to her; and that she has neither in law nor in fact suffered any injury. But this admission is to be considered in the light of that made by the defendant, namely, that she has, during the last fifteen years, lived in continual adulterous intercourse with the husband,—an intercourse procured by her influence over him. Upon this admission it becomes certain that whatever may have been the measure or quality of the remnant of conjugal affection and society permitted to the plaintiff by the defendant, as a matter of fact, and of law as well, the plaintiff has been deprived of the conjugal affection and society which the marriage contract entitled her to enjoy and required her husband to give; and that a valuable right, absolutely sole in her and incapable of division, has been injured.

It is not a prerequisite to the right of the plaintiff to maintain this suit in her own name that she should have been abandoned by her husband in the literal sense, nor that she should have actually separated herself from him by or without a decree of divorce. If she has suffered the wrong complained of her right to redress is absolute; it cannot be made to depend upon any of these conditions. As long as she keeps her marriage contract, so long she has the right to the conjugal society and affection of her husband. Possibly she may regain these. This possibility is her valuable right. The defendant may not demand that she shall sacrifice it for the future as the price of redress for injuries in the past. Upon the pleadings there is a valuable right in the wife solely, and an injury thereto for which damages must be given to her solely, notwithstanding the fact that she is living with her husband; therefore the law cannot refuse its assistance. The rules of law which the defendant invokes for her protection are not applicable to the case.

The Superior Court is advised that the complaint is sufficient and that the plea in abatement is insufficient.

In this opinion the other judges concurred.