## SEAVER *v.* ADAMS.

A married woman may maintain an action against another woman for seducing her husband.

CASE. Demurrer to a declaration by a married woman alleging that the defendant seduced her husband and alienated his affections from her.

*C. P. Eddy* and *E. P. Dole,* for the plaintiff.

*Batchelder & Faulkner, Hersey & Abbott,* and *J. H. Albin,* for the defendant.

BLODGETT, J. It is not open to question that the tendency of legislation in this state for many years has been to put the hus-

band and wife upon an exact equality before the law. As the result of this tendency successive statutory enactments have been adopted, by force of which the common law of servitude in marriage has been repealed, and by force of which also, it is believed, husband and wife now stand upon an equality of right in respect to property, torts, and contracts, subject only to the exceptions in Gen. Laws, *c.* 183, *s.* 12, limiting the liability of the wife upon certain contracts and conveyances therein specified. Rev. St., *c.* 149, *s.* 1; Laws of 1845, *c.* 236; of 1846, *c.* 327; of 1857, *c.* 1960; of 1858, *c.* 2073; of 1860, *c.* 2342; of 1865, *c.* 4080; of 1869, *c.* 35; of 1871, *c.* 27; of 1876, *c.* 32; of 1877, *c.* 22; of 1879, *c.* 57, *s.* 22; of 1887, *cc.* 24, 100, 103; *Hall* v. *Young,* 37 N. H. 134; *Albin* v. *Lord,* 39 N. H. 196; *Claremont Bank* v. *Clark,* 46 N. H. 134; *Whidden* v. *Coleman,* 47 N. H. 297; *Houston* v. *Clark,* 50 N. H. 479; *Cooper* v. *Alger,* 51 N. H. 172; *Alexander* v. *Goodwin,* 54 N. H. 423; *Clough* v. *Russell,* 55 N. H. 279; *Stratton* v. *Stratton,* 58 N. H. 473; *Babbitt* v. *Morrison,* 58 N. H. 419; *Harris* v. *Webster,* 58 N. H. 481; *Plummer* v. *Ossipee,* 59 N. H. 55; *Laton* v. *Balcom,* 64 N. H. 92, 95.

An examination of these decisions (which contain so full a discussion of the respective legal rights of husband and wife as to render further discussion unnecessary and useless) will show that the judicial tendency is in the same direction as the legislative; and as in natural justice no reason exists why the right of the wife to maintain an action against the seductress of her husband should not be coextensive with his right of action against her seducer, nothing but imperative necessity would justify a decision to the contrary. But, happily, we do not find even a plausible reason in its support.

The language of the statute is quite too sweeping and explicit to admit of its limitation to the defendant's construction, that it merely enables a married woman to control and protect her own property, and so relieves her from her common-law disability that she may contract and sue and be sued in reference to it; for while it does this, the statute also, and in express terms, confers upon her the right to sue and be sued in all matters in law and equity, whether of tort or of contract. And the legislative intent to this effect being plainer, if possible, than the language of its expression, and as the only reason why the wife formerly could not maintain an action for the alienation of her husband's affections was the barbarous common-law fiction that her legal existence became suspended during the marriage and merged into his, which long since ceased to obtain in this jurisdiction, there remains now not the semblance of a reason in principle why such an action may not be maintained here. And the weight of authority also is, that the wife can maintain such an action when there is a statute enabling her to sue. *Westlake* v. *Westlake,* 34 Ohio St. 621; *Jaynes* v. *Jaynes,* 39 Hun 40; *Bennett* v. *Bennett,* 41 *id.* 640; *Warner* v.

*Miller*, 17 Abb. New Cas. 221; *Churchill* v. *Lewis, id.* 226; *Simmons* v. *Simmons*, 4 N. Y. Supp. 221; *Mehrhoff* v. *Mehrhoff*, 26 Fed. Rep. 13.

So, too, say the modern text-books. "To entice away or corrupt the mind and affection of one's consort is a civil wrong, for which the offender is liable to the injured husband or wife. The gist of the action is not the loss of assistance, but the loss of *consortium* of the wife or husband, under which term are usually included the person's affection, society, or aid." Big. Torts 153. "We see no reason why such an action should not be supported, where, by statute, the wife is allowed, for her own benefit, to sue for personal wrongs suffered by her." Cool. Torts 228, *n.*

It is claimed, however, in the defendant's behalf, that in any view section 12 can only extend to such wrongs to the wife as were actionable at common law by joining her husband as plaintiff; and in support of this claim attention is called to *s.* 7, *c.* 221, Gen. Laws, which provides that any infant, married woman, or insane person may bring any personal action within two years after such disability is removed. Standing upon a later page and in a later chapter than section 12, it is contended that section 7 makes it clear that the legislative intention was, at most, to remove the common-law disability of a married woman to the extent above stated, and that the effect of this section is to modify section 12 accordingly.

But the issue is not between these two sections as they stand in the General Laws, adopted in 1878, but as they stood at the time the plaintiff's cause of action originated, in 1887. As a consequence, whatever force the defendant's contention might otherwise have is destroyed by the amendment to section 12, in 1879, striking out the words "before marriage," thereby putting the right and liability of a married woman upon the same basis as if she were unmarried, and incidentally and impliedly repealing the provision for her benefit contained in section 7.

There is, therefore, no difficulty in harmonizing these sections; and in view of the manifest tendency of legislation on the subject of the rights of married women for nearly half a century, supplemented and sustained as it has been by a long series of judicial decisions, we cannot doubt that it was the intention of the legislature, in adopting the amendment of 1879, wholly to remove the disability of coverture in respect of wrongs, and place married women upon an entire equality with their husbands; and we give it effect accordingly.

Nor are we prepared to hold that the plaintiff's action might not be maintained irrespective of the amendment. See *Card* v. *Foot*, 57 Conn. 427 ; *Bennett* v. *Bennett*, N. Y. (Dec. 3, 1889).

*Demurrer overruled.*

CLARK, J., did not sit: the others concurred.