STELLA B. WARREN, BY HER NEXT FRIEND, v. HUGH
WARREN, FREDERICK S. WARREN, AND
LYDIA WARREN.

*Married woman—Alienation of husband's affections—Right of action.*

A wife may maintain an action to recover damages for the alienation of her husband's affections, and the consequent loss of his society, assistance, and support.

Error to Van Buren. (Buck, J.) Submitted on briefs June 19, 1891. Decided December 21, 1891.

Case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*W. N. Cook* and *Osborn & Mills*, for appellant.

*A. H. Chandler* and *Heckert & Chandler*, for defendants.

[The points of counsel are stated, and the authorities fully reviewed and cited, in the opinion.—REPORTER.]

MORSE, J. The plaintiff brings this suit, alleging that the defendants have wrongfully combined together and alienated the affections of her husband, George L. Warren, from her, and caused him to desert and abandon her, and she claims damages therefor. The court below held that a married woman in this State cannot maintain an action of this kind. The correctness of this holding is the only question to be determined.

In *Mitchell v. Mitchell*, 49 Mich. 68, by an equal division of this Court, the judgment of the court below against the wife was affirmed. In that case it appears that the husband was a minor when married. No opinions were filed in the case, and we are therefore not informed as to the reasons for such affirmance. I shall not consider the case as an adjudication of the important question here presented, but shall examine it as if it were a new question before this Court. It seems from the brief of counsel in *Mitchell v. Mitchell, supra,* that the question of the minority of the husband, and the right of his father, who was the defendant, to his services and society, was made a prominent point in the defense of the suit, and this may have been the controlling reason of the decision. No such question is in this case. The right of a wife to recover damages for the alienation of her husband's affections, and the consequent loss of his society, assistance, and support, under the laws of this State, is the naked issue involved here. I have no hesitation in holding that she has such right. I do not think it material whether or not she had this right under the common law. In the adjudicated cases there is a difference of opinion as to her common-law right, some

of the courts holding that "as the wife had no right of property in any damages recovered on her account, for any cause, neither could she have any right of action to recover them." *Duffies v. Duffies*, 76 Wis. 374 (45 N. W. Rep. 523); *Westlake v. Westlake*, 34 Ohio St. 621; *Doe v. Roe*, 82 Me. 503 (20 Atl. Rep. 83); *Logan v. Logan*, 77 Ind. 558; *Mehrhoff v. Mehrhoff*, 26 Fed. Rep. 13.

In New York it is held that it was considered at the common law that the damages for personal injuries belonged to her, as the husband could not sue without joining his wife. If the damages were recovered before the death of the husband, the money so collected became his property; but, if he died before the suit was determined, the right of action survived to the wife, and the damages recovered belonged to her. From this it is deduced that the right of action belonged to her. *Bennett v. Bennett*, 116 N. Y. 584 (23 N. E. Rep. 17).

Under the statutes of this State relative to the rights of married women, and the decisions of our own courts in relation thereto, the right of the wife to bring this action, as well all other suits to redress her personal wrongs, seems to me to be perfectly clear. The statutes provide:

"That the real and personal estate of every female, acquired before marriage, and all property, real and personal, to which she may afterwards become entitled by gift, grant, inheritance, devise, or in any other manner, shall be and remain the estate and property of such female, and shall not be liable for the debts, obligations, and engagements of her husband, and may be contracted, sold, transferred, mortgaged, conveyed, devised, or bequeathed by her, in the same manner and with the like effect as if she were unmarried." How. Stat. § 6295.

"Actions may be brought by and against a married woman in relation to her sole property, in the same manner as if she were unmarried; and in cases where the property of the husband cannot be sold, mortgaged, or otherwise incumbered without the consent of his wife,

to be given in the manner prescribed by law, or when his property is exempted by law from sale on execution or other final process issued from any court against him, his wife may bring an action in her own name, with the like effect as in cases of actions in relation to her sole property as aforesaid." How. Stat. § 6297.

Under these statutes it has been held that a wife is entitled to and may sue for and recover in her own name damages for her personal injuries and suffering from assault and battery (*Berger v. Jacobs*, 21 Mich. 215; *Hyatt v. Adams*, 16 Id. 180, 198); and for injuries to her person through the negligence of another (*Mich. Cent. R. R. Co. v. Coleman*, 28 Mich. 440); also for slander (*Leonard v. Pope*, 27 Mich. 145). If the damages in such cases are her individual property, as expressly held in *Berger v. Jacobs*, I cannot see why, in reason and on principle, the damages arising from the loss of the society and support of her husband are not also her individual property. Surely the support and maintenance which she is entitled to from her husband, and which she loses by his abandonment, is capable of ready and accurate measurement in dollars and cents, and can be said to be a property right, which she has lost by the wrongful interference of the defendants. The loss of the society of her husband, and her mental anguish and suffering, are not so easily ascertained when compensation is sought, and to be gauged by a money standard; but damages for such anguish and suffering are given, as best the jury can, and are permissible, in most actions of tort.

Under the civil damage law, which gives a right of action to the wife who has been injured "in person, property, means of support, or otherwise" by any intoxicated person, it has been held in this State that she might recover damages for being excluded from society by reason of her husband's intoxication, and for her

mental suffering on account of such drunkenness. *Friend v. Dunks*, 37 Mich. 25.

There has never been any reason urged against the right of the husband to sue for the loss of the *consortium* of his wife. And if, as shown, the wife is now, under either the liberal letter or spirit of our marriage laws, entitled, as of her own property, to the damages arising from her personal injuries,—the injuries to her body or mind,— there can be no good reason why she cannot sue for and recover damages for the loss of the *consortium* of her husband that does not equally and as well apply to the suit of the husband on account of the loss of her society. The wife is entitled to the society, protection, and support of her husband as certainly, under the law, and by moral right, as he is to her society and services in his household.

"These reciprocal rights may be regarded as the property of the respective parties in the broad sense of the word 'property,' which includes things not tangible or visible, and applies to whatever is exclusively one's own." Smith, P. J., in *Jaynes v. Jaynes*, 39 Hun, 40.

This is given to her by the marriage relation; it is her property. As is well said in *Foot v. Card*, 58 Conn. 1 (18 Atl. Rep. 1027):

"The right of the husband to the affections and society of the wife has ever been regarded as a valuable property right, and he has always been permitted to sue for the loss of it. Upon principle, this right is as valuable to her as is that of the husband to him."

And in *Seaver v. Adams* (N. H.), 19 Atl. Rep. 776, it is said:

"As in natural justice no reason exists why the right of the wife to maintain an action against the seductress of her husband should not be co-extensive with his right of action against her seducer, nothing but imperative

necessity would justify a decision that she could not maintain, such an action."

In further support of her right to maintain suit, see *Westlake v. Westlake*, .34 Ohio St. 633; *Bennett v. Bennett,* 116 N. Y. 584; *Jaynes v. Jaynes*, 39 Hun, 40; *Warner v. Miller*, 17 Abb. N. C. 221; *Churchill v. Lewis*, Id. 226; *Mehrhoff v. Mehrhoff*, 26 Fed. Rep. 13; Bigelow, Torts (3d ed.), 153; *Haynes v. Nowlin* (Ind.), 29 N. E. Rep. 389; Cooley, Torts (2d ed.), p. 267, note 2 (marg. p. 227); *Baker v. Baker*, 16 Abb. N. C. 293; *Breiman v. Paasch*, 7 Id. 249; *Bassett v. Bassett*, 20 Ill. App. 543;. *Foot v. Card*, 58 Conn. 1; *Seaver v. Adams*, 19 Atl. Rep. 776. The cases holding the contrary doctrine are: *Doe v. Roe*, 82 Me. 503; *Logan v. Logan*, 77 Ind. 558, since overruled by *Haynes v. Nowlin, supra; Duffies v. Duffies*, 76 Wis. 374.

The last case is principally relied upon in defendant's brief. With all due respect to that court and the learned judge who wrote the opinion, I cannot recognize the reasoning in support of the decision as sound. The argument, in substance, is that the wife is purer and better than the husband, and governed more by principle, and she seldom violates the marriage obligations; that she is more domestic, and is supposed to have the personal care of the household; that her duties require her to be more constantly at home, where the husband may nearly always expect to find her and enjoy her society, while the husband is obliged by his business to be frequently away from home, which deprives his wife of his society; that he is exposed to the temptations of the world, to which he easily succumbs, withdrawing him away from her, which condition of things the wife had reason to expect when she married him; and that for these reasons it cannot be said that the "wife's right to

the society of her husband is the same in kind, degree, and value as his right to her society." It is also said by the learned judge that, if permitted, "the right of action in the wife would be the most fruitful source of litigation of any that can be thought of," and that the justice and advantages of such an action are at least doubtful.

It seems to me that the necessary absence from the home of one more than the other can make no difference in their respective rights. Although the wife may never go outside the threshold of the home, the husband cannot enjoy her society unless he is also in the house; nor can she enjoy his society while he is away from her. Nor is the fact that she is purer and more domestic than her husband, and less likely to abandon the home than he is, any reason why she should be denied the same redress that he has in such cases. Because the history of the race, and our knowledge of human nature, tells us that the wife is less easily led astray, and her affections alienated, than her husband, is no reason why she should be denied the remedy which for the same wrong is freely given him. And if, as suggested by the learned judge, such actions would be numberless if permitted to the wife, it would still furnish no adequate ground for denying to a deserving woman, foully wronged in her dearest rights, the redress that the law gives without question to her husband under like circumstances.

It is an old maxim, and a good one, that the law will never "suffer an injury and a damage without redress." Will the law aid the husband, and not help the wife in a like case? Not under the present enlightened views of the marriage relation and its reciprocal rights and duties. The reasoning that deprives the wife of redress when her husband is taken away from her by the blandishments and unlawful influence of others is a relic of the barbarity

of the common law, which, in effect, made the wife the mere servant of her husband, and deprived her of all right to redress her personal wrongs except by his will.

The judgment of the court below is reversed, and a new trial granted, with costs.

The other Justices concurred.