Deitzman v. Mullin.

CASE 85—ACTION FOR DAMAGES FOR ALIENATION OF HUSBAND'S AF-
FECTION—JUNE 1.

# Deitzman v. Mullin.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   REVERSED.

Held:   Under Kentucky Statutes, section 2128, empowering a mar-
ried woman to sue and be sued as a single woman, the wife may
maintain an action against one who entices her husband from
her and alienates his affections.

A. C. RUCKER FOR APPELLANT.   (No brief.)

KOHN, BAIRD & SPINDLE FOR APPELLEE.

1. A married woman has no property or contract right in the con-
sortium of the husband, because if so it would be placed beyond
the control of the State.   Con. of Ky., sec. 19, 242; Rose v.
Rose, 20 Rep., 417; Mitchell v. Violett, 20 Rep., 378.

2. The husband's right in the wife and the wife's right in the hus-
band are not correlative nor analogous.   Schuler on Domestic
Relations (4th ed.), secs. 44 and 45; 1 Blackstone's Com., 444,
445; 3 Blackstone's Com., 139.

3. Under the common law, the wife has no right of action against
third parties for the abduction, enticement of, or criminal con-
versation with the husband, or for the alienation of his affec-
tions, but her sole cause of action lies against the husband.
3 Blackstone's Commentaries, 143.

4. In law the absence of a remedy is the denial of a right.   Phillips
v. Horsey, 84 Ky., 428.

5. The better considered modern cases, on principle and considera-
tions of public policy, deny the existence of a right of action
in a wife against a third person for the alienation of the hus-
band's affections.   Duffries v. Duffries, 76 Wis., 374; 20 Am.
State Rep., 79; 45 N. W. R., 520; Doe v. Roe, 82 Ma., 503; 17
Am. St. Rep., 499; Van Arnan v. Ayers, 67 Barb. N. Y., 544;
Mulford v. Clewell, 21 Oh. St., 191; Logan v. Logan, 77 Ind., 558;
3 Blackstone's Com., 143; Bennet v. Sane, dissenting opinion, N.
Y., 23; N. E. R., 17.

6. In this State no cause of action will lie against a third person,
even for a malicious enticement of a party to a contract to

Deitzman v. Mullin.

break it. Being a free agent the action is confined to the parties. Chambers v. Baldwin, 91 Ky., 122; Bourlier v. Macauley, 91 Ky., 135.

7. The Weissinger Act of 1894 does not create a separate estate in the wife with reference to her *person* or personal rights as distinguished from property rights. As to these she is to-day left to the unwritten law. The husband must join her in such actions and necessarily has an interest in the result. Ky. Stats., 2128; Civil Code, sec. 34.

8. Even with reference to property rights she is not entirely relieved of the disabilities of coverture. Kalfus v. Kalfus, 92 Ky., 542; Leahy v. Leahy, 97 Ky., 59; Anderson v. Anderson, 11 Bush, 327.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

The question presented here is, can a married woman maintain an action against one who entices her husband from her, and alienates his affections? At common law marriage is considered in no other light than a civil contract, and the holiness of the matrimonial state is left entirely to the ecclesiastical law. The temporal courts consider unlawful marriage as a civil inconvenience. To punish or to annul unscriptural marriages is the province of the spiritual courts, which *ct pro salute animae.* 1 Bl. Comm., 432. The common law recognizes the right of either husband or wife to maintain a suit for the restitution of conjugal rights when either is guilty of injury of subtraction without sufficient reason, in which case the ecclesiastical courts compel them to come together. 3 Bl. Comm., 94. At common law the husband and wife are treated as one person. Marriage operates as a suspension, in most respects, of the legal existence of the latter. All the disabilities of married women spring from the supposed unity of husband and wife. At common law the right of the wife to the *consortium* of her husband exists. In the ecclesiastical jurisdiction, which is exer-

cised concurrently with that of the common law, the rights of the wife to the *consortium* of the husband are recognized and enforced. While the court did not give her damages for the loss of the *consortium* of the husband, but restored to her the thing itself, this was a distinct recognition of the rights of the wife by the ecclesiastical law of England, which was founded upon the principles of the civil law. 1 Bl. Comm., 442; 3 Bl. Comm., 139, 140. If the dominion which the common law gave the husband over the property and personal rights of the wife has been taken away from him and conferred upon her, and remedies conformable with the spirit of the civil law have been given to the wife for the redress of injuries to her person, property and personal rights, an action in her own name for the loss of the *consortium* of her husband, against one who wrongfully deprived her of it, may be maintained, unless the *consortium* of her husband is not one of her personal rights.

It is not questioned that the law gives the husband the right to maintain an action against one who deprives him of the *consortium* of his wife. The law gives the wife the right to her husband's support, society, and affection. If the right is invaded, a flagrant wrong has been committed. It is the boast of the common law that there is no right without a remedy. It would be a reproach to the law if there was no remedy for a wrong like this. There is a maxim that "reason is the life of the law." Certainly it would be against reason to give the husband the right of action for an injury, but deny the same to the wife for suffering a like one. The reason which gives the husband an action against one who deprives him of the society and affection of his wife supports a rule which would give the wife the same remedy. Some courts hold

Deitzman v. Mullin.

that at common law an action like the one here. can be maintained by the wife.

The right to the society of his wife is no greater to the husband than her right to his society. Marriage gives to each the same right in that regard. Each is entitled to the society and the affection of the other. They both spring from marriage contract, and are mutual in character. It has been said by some courts that these reciprocal rights are regarded as property of the respective parties. It is not necessary to enter into a discussion of the question as to whether this action could be maintained under the common law. If she could not maintain such an action at common law, it was because there was no remedy available to her for a vindication of the right. If the statutes supply the remedy, she is clothed with a right to enforce a meritorious cause of action. In Big. Torts, 153, it is said. "To entice away, or to corrupt the mind and affection of, one's consort, is a civil wrong, for which the offender is liable to the injured husband or wife." The gist of the action is not in the loss of assistance, but the loss of *consortium* of the wife or husband, under which terms are usually included the persons, affection, society, and aid. Cooley, Torts, 228, says: "We see no reason why such an action should not be supported where by statute the wife is allowed for her own benefit, to sue for personal wrongs suffered by her." In Jaynes v. Jaynes, 39 Hun, 40, it is said: "These reciprocal rights may be regarded as the property of the respective parties, in the broad sense of the word 'property,' which includes things not tangible or visible, and applies to whatever is exclusively one's own." In Foot v. Card, 58 Conn., 1, 18 Atl., 1027, 6 L. R. A., 829, it was held that the right of the husband to the affections and society of the wife has ever

been regarded as a valuable property right, and he has al-
ways been permitted to sue for the loss of it. Upon prin-
ciple, this right is as valuable to her as is that of the hus-
band to him. In Seaver v. Adams (N. H.), 19 Atl., 776, it
is said: "As, in natural justice, no reason exists why the
right of the wife to maintain an action against the seduc-
tress of her husband should not be co-extensive with his
right of action against her seducer, nothing but imperative
necessity would justify a decision to the contrary." The
right of the wife to maintain such a suit as this is sup-
ported by Westlake v. Westlake, 34 Ohio St., 633; Bennett
v. Bennett, 116 N. Y., 584; (23 N. E., 17), (6 L. R. A., 553);
Jaynes v. Jaynes, 39 Hun, 40; Warner v. Miller, 17 Abb.
N. C., 221; Haynes v. Nowlin, 129 Ind., 581, (29 N. E. 389),
(14 L. R. A., 787); Foot v. Card, 58 Conn., 1, (18 Atl., 1027),
(6 L. R. A., 829); Seaver v. Adams (N. H.), 19 Atl., 776.

If the wife was deprived of a redress at common law
when her husband was taken away from her by the im-
proper influence of others, it is because of its barbarity,
which made the wife the mere servant of the husband, and
deprived her of all right to redress her personal wrongs,
except by his will. The doctrine of feudal times gave many
and comprehensive rights to the baron, but few to the
*feme.* Since such barbarous times generations have suc-
ceeded generations, and each one has increased in enlight-
ened thought, before which the harsh doctrines and unrea-
sonable rules of the common law have fallen. In many
cases when the courts could not refuse to apply them,
some of the Legislatures of the several States in this
Union have, by wise enactments, destroyed them. Relics
of barbarism in the forms of law can not stand before the
progress of enlightened ages.

Kentucky has kept pace with the age, and has given to

the wife the right to sue and be sued as a single woman. Section 2128, Kentucky Statutes, reads as follows: "A married woman may take, acquire and hold property, real and personal, by gift, devise or descent, or by purchase, and she may, in her own name, as if she were unmarried, sell and dispose of her personal property. She may make contracts and sue and be sued, as a single woman. . . ." This legislation is a step in the direction of the abrogation of the common-law unity of husband and wife. As the wife has the right to the *consortium* of her husband, and deprivation inflicts an injury to her personal rights, and as the statute we have quoted affords the remedy, by allowing her to maintain an action independent of, and regardless of the wishes of, her husband, we are of the opinion that the court erred in sustaining a demurrer to the petition. The judgment is reversed, for proceedings consistent with this opinion.

Petition for rehearing filed by appellant and overruled.