Coös,
Feb. 6, 1923.

### ALICE LAVIGNE v. ARTHUR LAVIGNE & a.

The question whether a trial is rendered unfair by reason of misconduct of jurors
   or others in their presence, like other questions involving the fairness of the
   trial, is determined upon hearing by the presiding justice as a question of fact.
The denial of a motion to set aside a verdict on the ground of misconduct of
   jurors includes by necessary inference a finding of fact that the trial was not
   thereby rendered unfair.
After verdict for the plaintiff in an action for the alienation of the husband's
   affections, the resumption of marital relations is no ground for a motion in
   arrest of judgment.

CASE, against the plaintiff's parents-in-law for alienation of the affections of the plaintiff's husband. Trial by jury. Verdict for the plaintiff. Transferred by *Marble, J.*, from the December term, 1920, of the superior court on the defendants' exceptions to the denial of their motions to set aside the verdict and for arrest of judgment. The facts appear in the opinion.

*Ovide J. Coulombe*, for the plaintiff.

*Matthew J. Ryan* and *Frank P. Blais*, for the defendants.

SNOW, J. During the cross-examination of witnesses, the defendants moved for an order of court declaring a mistrial for misconduct of jurors alleged to have occurred during such examination. After the verdict had been rendered, the defendants filed a motion to set it aside on this ground, and because of several other instances of alleged misconduct of jurors both in court and outside of the court room; also because of the alleged misconduct of others in the presence of jurors. Some of the acts complained of, if proven, were of a character to support a finding that the trial was rendered unfair and to justify an order setting aside the verdict.

In support of their motions, the defendants rely upon *Perkins* v. *Knight*, 2 N. H. 474, 475; *Tenney* v. *Evans*, 13 N. H. 462, 466; *Cilley* v. *Bartlett*, 19 N. H. 312, 324; *Wiggin* v. *Plumer*, 31 N. H. 251, 272, 273; and *Beattie* v. *Hilliard*, 55 N. H. 428, 433, 435, in each of which cases the question whether the verdict should be set aside for misconduct of jurors or parties was transferred by the presiding justice to the law term upon a statement of facts found by the trial court or upon facts supported by affidavits, in accordance with what appears to have been the more common early practice in such cases. In the cases relied upon, the trial justice made no ruling or finding as to the ultimate fact whether the trial had been rendered unfair. Under our present system of courts and practice, the question whether a trial is rendered unfair by reason of misconduct of jurors or others in their presence, as in the case of other questions involving the fairness of the trial (*Fuller* v. *Bailey*, 58 N. H. 71, 72; *Merrill* v. *Perkins*, 61 N. H. 262, 263), is determined upon hearing by the presiding justice as a question of fact. *Beckley* v. *Alexander*, 77 N. H. 255, 256, 257; *Tierney* v. *Granite Works*, 79 N. H. 166, 168; *Maxfield* v. *Pittsfield*, 67 N. H. 104, 105; *Ready* v. *Company*, 67 N. H. 147; *Adams* v. *Bushey*, 60 N. H. 290, 291, 293. "While at

one time the law court did consider questions of fact arising in the course of trials when specially reserved, at no time did the court attempt to pass upon questions of fact which were not so reserved; and in view of the purpose of the act of 1901, separating the court of law from the court of fact, it has been held in a recent case that this court has not power to pass upon such questions even when reserved." *State v. Wren*, 77 N. H. 361, 366; *Nawn v. Railroad*, 77 N. H. 299, 302, 303, 304; *St. Laurent v. Railway*, 77 N. H. 460, 462.

In the case at bar, a trial was had upon the defendants' motions in which the defendants were fully heard, partly upon oral testimony of witnesses and partly upon affidavits. The court, after careful consideration of all affidavits filed and evidence taken, denied the defendants' motion. No findings of fact were made or requested, and no special question of law was reserved. The denial of defendants' motion to set aside the verdict by necessary inference included a finding of fact that the trial was not rendered unfair by the alleged misconduct. *Lee v. Dow*, 73 N. H. 101, 104; *Maxfield v. Pittsfield, supra*. The only question of law raised by the defendants' exception, therefore, is whether there was sufficient evidence to support this implied finding. *Maxfield v. Pittsfield, supra; State v. Wren, supra; St. Laurent v. Railway, supra*. The trial justice had an opportunity for personal observation at the time of the supposed misconduct in the court room. As to the misconduct complained of outside of the court room, the evidence was conflicting. As to each alleged act of misconduct, both in and out of court, there was evidence from which it could be found that it did not occur, was harmless or did not influence or prejudice the jury. The defendants therefore take nothing by this exception.

Some over two months after the trial and verdict, the defendants moved to arrest the judgment on the ground that the plaintiff and her husband had resumed marital relations, and were then living together. Upon hearing, the alleged facts were conceded to be true. The defendants' exception to a denial of their motion seems to be founded upon a misconception of the basis of the plaintiff's right of recovery. The gist of the action is not the deprivation of support, but the loss of *consortium* of the husband, which includes his affection, conjugal society, aid and coöperation. Bigelow, Torts (8th *ed.*), 153; *Seaver v. Adams*, 66 N. H. 142, 144; *Cross v. Grant*, 62 N. H. 675, 682, 684; *Guevin v. Railway*, 78 N. H. 289; *Bennett v. Bennett*, 116 N. Y. 584; *Adams v. Main*, 3 Ind. App. 232, 234, 235; *Heermance v. James*, 47 Barb. 120, 123; *Foot v. Card*, 58 Conn. 1. The

actionable character of the injury, therefore, is not dependent upon separation or upon the physical absence of the husband. The wrong may be inflicted and damages recovered though the wife be living with her husband at the time. 2 Schouler, Marriage, Divorce, Separation and Domestic Relations, *par.* 1332; *Heermance* v. *James, supra; Adams* v. *Main, supra,* at *p.* 236; *Foot* v. *Card, supra; Rinehart* v. *Bills,* 82 Mo. 534, 537, 538; *Rott* v. *Goehring,* 33 No. Dak. 413; *Parker* v. *Newman,* 200 Ala. 103. Nor is the bringing of this suit and the recovery of damages therein a bar to the plaintiff's regaining the conjugal society and affections of her husband. This possibility was her valuable right which she did not surrender as a price for redress for past injuries. *Foot* v. *Card, supra.* The verdict determined the amount of damages suffered by the plaintiff for the defendants' wrongful acts done prior to the date of the writ. Had she reclaimed the affection and society of her husband in whole or in part before the trial, evidence of that fact would have been relevant and competent upon the question of damages. But her rightful reclamation of the *consortium* of her husband subsequent to the trial, affords no basis for a motion in arrest of a judgment founded on the facts existing at the time it was rendered. There was no error in the denial of the defendants' motion.

*Exceptions overruled: judgment for the plaintiff.*

All concurred.