[No. 37204.    Department One.    November 5, 1964.]

FLOYD A. MILLER, *Respondent*, v. CLOYD (GENE) GRUEN-WALD, JR., *Appellant.*\*

*Benn R. Agor* and *W. L. Williams,* for appellant.

*Jager, Austin & Makus* and *Jerome L. Jager,* for respondent.

JOHNSON, J.†—The respondent here, plaintiff in the trial court, commenced this action against the appellant (defendant) seeking recovery of damages which he claimed to have suffered from the wrongful alienation of the affections of his wife.

The appellant, at the close of the respondent's case, moved to dismiss on the grounds of insufficiency of the evidence.

\*Reported in 396 P. (2d) 554.

†Judge Johnson is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

The motion was denied. The appellant offered no evidence. The jury returned a verdict in the sum of $20,000, and judgment was entered thereon, from which he has appealed to this court.

The appellant assigns as error (1) the trial court's failure to dismiss at the conclusion of the respondent's evidence, and (2) the giving of the court's jury instruction No. 2.

The appellant concedes that if there is sufficient evidence to establish a prima facie case against the appellant, then the court's instruction No. 2 was proper.

Since the sole issue before us is the sufficiency of the evidence produced by the respondent, the material evidence as reflected in the testimony must be set forth.

Respondent Miller and Louice were married June 28, 1952, at which time she had two children by a former marriage. In 1954, shortly after the birth of their own son, respondent adopted the two children. The marriage was very happy and secure; the parties were very affectionate toward each other and the children; the marital relations were good; the wife was a good mother, a good housekeeper and a good wife.

The respondent had acquired some property in the Lake Forest Park area and, in 1960, decided to complete his home on the property. He and his wife were introduced to the appellant, a builder, who agreed with respondent to complete construction of the home. Shortly thereafter, the respondent noticed a definite change in his wife. She ignored her husband, neglected the house and children, was cool toward marital relations and was absent from the home on many occasions.

In March of 1961, respondent's wife told him she wanted a divorce, and, when pressed for a reason, admitted that there was another man, but refused to name him. Prior thereto, however, appellant had invited respondent and his wife to his house for several parties where drinking and dancing took place, and, on some occasions, while dancing with appellant, respondent's wife would bury her face in appellant's neck, to which respondent objected.

Respondent tried to dissuade his wife from a divorce, was unsuccessful, and finally, in April, 1961, started an action for divorce. He was granted a divorce in July, 1961, and custody of all three children.

During the pendency of the divorce action, the wife disappeared for about 5 weeks, a portion of which time the wife and appellant lived together in a motel. The appellant and Louice were married in September, 1961, and in January, 1962, moved into a house next door to the respondent.

There was testimony that prior to the separation of the parties, the appellant had stated to one witness "he would like to get next to her [respondent's wife]," and to another "He would like to go to bed with her."

Alienation of affection cases, because of their very nature, are difficult to prove with the same degree of positive proof as exists in some other tort cases, since they are born in secrecy and nurtured clandestinely. It is necessary to view the whole picture from the statements and conduct of the parties.

■ Alienation of affection is an intentional tort, but the actor's purpose does not have to be proved independently of the acts which cause the alienation of affection. *Lankford v. Tombari,* 35 Wn. (2d) 412, 213 P. (2d) 627, 19 A.L.R. 462.

The defendant's purpose need not be proven independent of his acts but may be inferred from his acts and conduct, he being held in the eyes of the law to have intended the natural and probable consequences of his acts. *Boyle v. Clark,* 47 Wn. (2d) 418, 287 P. (2d) 1006.

■ A person consorts with another's wife at his peril, even after the spouses are separated, for the law recognizes a right to effect a reconciliation. *Morris v. Warwick,* 42 Wash. 480, 85 Pac. 42; *Eklund v. Hackett,* 106 Wash. 287, 179 Pac. 803; *Swearingen v. Vik,* 51 Wn. (2d) 843, 322 P. (2d) 876.

■ We have held many times a motion for nonsuit admits the truth of the plaintiff's evidence and all inferences that can reasonably be drawn therefrom, and requires that the evidence be interpreted most strongly against the

moving party. *McBeath v. Northern Pac. R. Co.*, 32 Wn. (2d) 910, 204 P. (2d) 248; *Fink v. Dixon,* 46 Wn. (2d) 794, 285 P. (2d) 557; *Fossum v. Timber Structures, Inc.,* 54 Wn. (2d) 317, 341 P. (2d) 157.

We have held in the following cases that the evidence was sufficient to sustain a denial of the motion for nonsuit. *Lankford v. Tombari, supra; Boyle v. Clark, supra; Morris v. Warwick, supra.*

Tested by the law as above set forth, we hold that the circumstances testified to by the respondent and his witnesses, undenied and uncontroverted in any way, established a prima facie case for alienation of affection, and that the trial court did not err in denying the appellant's motion for a nonsuit.

The judgment is affirmed.

OTT, C. J., HILL, ROSELLINI, and HALE, JJ., concur.

January 4, 1965. Petition for rehearing denied.