Hillsborough,
No. 5864.

ROGER DUBE *v.* ROMEO ROCHETTE.

February 27, 1970.

*Winer, Lynch & Pillsbury* ( *Mr. Robert W. Pillsbury* orally ), for the plaintiff.

*Harkaway, Barry & Gall* and *Leonard P. Shapiro* ( *Mr. Shapiro* orally ), for the defendant.

PER CURIAM. Action to recover damages by a husband for the alienation of his wife's affections by the defendant. At the close of the plaintiff's evidence in a trial by jury the Court ( *Bownes,* J. ) granted the defendant's motion for a nonsuit and reserved and transferred the plaintiff's exception thereto.

This state enacted in 1941 a so-called heart balm statute ( see Vol. 1 Shepard's N. H. Citations, *p.* 429 ( 1959 ) ) which abolished actions for breach of contract to marry. Laws 1941, ch. 150; RSA 508:11. The statute by its terms has a limited application ( *Gikas* v. *Nicholis,* 96 N. H. 177, 71 A. 2d 785 ) and there has been no similar legislation abolishing or restricting actions for alienation of affections ( *Lavigne* v. *Lavigne,* 80 N. H. 559, 119 A. 869 ) or criminal conversation. *Cross* v. *Grant,*

62 N. H. 675; RSA 457:40, 41. While actions for alienation of affections are susceptible to abuse in certain cases, the legislative judgment to allow their continuance is one this court must recognize and respect. Payne, Tortious Invasion of the Right of Marital Consortium, 8 J. of Family L. 41, 49-50 ( 1968 ); Prosser, Torts, *s.* 118, *pp.* 909-910 ( 3d ed. 1964 ).

There was evidence that the plaintiff, Roger, had been told by his wife, Marlene, that the defendant "is quite a fellow. When you are not home he calls me" and that the defendant was bragging that "he was going out with" Marlene. The defendant and Marlene were observed from time to time parking at a nearby stadium. Another witness testified: "I did see them on a few occasions outside the car, kissing, as if they were saying good-bye or hello or something, and also I saw them parked in the car together. Sometimes both cars would drive up, and one would leave one car and get into the other and they would drive away." One witness saw the defendant and Marlene kissing at the Dube home.

In April of 1965 the marriage became unbearable and Marlene packed Roger's suitcases and told him "to get out" which he did. In August of that year a reconciliation almost took place. On two occasions in the evening on October 18 and October 20, 1965, the defendant was seen coming downstairs in the Dube home and Marlene was wearing a nightgown. The next day, October 21, 1965, Roger filed for a divorce which was granted to him in February of 1966. That month Roger went to his former home to pick up his birth certificate. The defendant was hiding in the upstairs bedroom closet and as the plaintiff opened the closet door, the defendant said "Are we still friends?"

The plaintiff has the burden of proving that the alienation of affections resulted from the defendant's misconduct. Intent, opportunity or desire by itself is not sufficient. *Sedlewicz* v. *Milaisky,* 89 N. H. 269, 197 A. 332. The causal relationship between the alienation and the defendant's conduct must be established. *Caplan* v. *Caplan,* 83 N. H. 318, 142 A. 121; Annot. 19 A. L. R. 2d 471. Restatement, Torts, *s.* 691. While it is not necessary that the defendant's conduct be the sole cause of the loss of affections ( Restatement, Torts, *s.* 683, *comment* i ), it must be the controlling cause of the alienation or separation. Annot. 19 A. L. R. 2d 471, 500; *Poulos* v. *Poulos,* 351 Mass. 603, 222 N. E. 2d 887; *Woodhouse* v. *Woodhouse,* 99 Vt. 91,

130 A. 758. In this type of law suit the evidence may be and frequently is circumstantial. *Kiger* v. *Meehan*, 253 Iowa 746, 113 N. W. 2d 743; *Miller* v. *Gruenwald*, 65 Wash. 2d 186, 396 P. 2d 554.

The defendant's conduct in this case could be found to have evidenced a continual pattern of being the pursuer rather than the pursued. This is not the inactive conduct which was held insufficient for liability in *Caplan* v. *Caplan*, 83 N. H. 318, 142 A. 121. *See* Restatement of the Law ( Second ), Torts *s*. 684, *comment* f ( Tent. Draft No. 14, 1969 ). The matter has been succinctly summarized in 1 Harper and James, The Law of Torts, *s*. 8.3, *p*. 613 ( 1956 ) as follows: "It must appear, to support a recovery for alienation, that the defendant engaged in some kind of affirmative conduct intended to alienate or divert the affections of the plaintiff's spouse. A man is not liable to a woman's husband merely because he becomes the innocent object of her affection. So too, it is not enough to make a woman liable that a married man happens to fall in love with her. On the other hand, although it is necessary that the defendant in a sense be the pursuer rather than the pursued, nevertheless, any encouragement or participation in the affair will be fatal. If the 'pursued' reveals too much willingness, there will be liability."

The evidence in this case was confined to that produced by the plaintiff. It may be that the defendant could offer some explanation or that testimony of the wife, Marlene, would place an entirely different light on the evidence produced by her husband. However, viewing the evidence as it was presented we think it was sufficient to withstand the motion for nonsuit and accordingly the order is

*Plaintiff's exception sustained.*